UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TOMMIE ANDERSON,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-2294 |
| ) | (PLF) |
| ) | |
| v. ) | |
| ) | |
| **UNITED STATES DEPARTMENT OF JUSTICE** ) | |
| **Drug Enforcement Administration** ) | |
| **New Orleans Field Division** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR ENLARGEMENT OF TIME**

Defendant, by undersigned counsel and pursuant to Fed. R. Civ. P. 6(b), hereby respectfully moves for an enlargement of time of 30 days, up to and including March 4, 2006, in which to move, answer or otherwise respond to the Complaint in this action. Defendant's response to the Complaint would otherwise be due on February 2, 2006. As grounds for this motion, defendant states as follows:

This case arises under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and pertains to the processing of plaintiff *pro se*'s FOIA requests by the Drug Enforcement Administration ("DEA"). Plaintiff, who is incarcerated at a federal correctional institution, is seeking records from the federal government covering a broad array of subjects. The DEA is currently in the process of preparing a declaration that will cover the broad array of matters included in plaintiff's FOIA request. The declaration will be required to explain certain matters to the Court for the purpose of placing the significance of plaintiff's requests in context. DEA has explained that this declaration is requiring a highly-coordinated effort amongst several

officials, and there remains a substantial amount of work to complete the declaration in compliance with the standards required by this Court and the FOIA statute. For these reasons, and to ensure that the government has sufficient time to prepare the materials to carry its burden in this case, defendant respectfully requests that the enlargement sought be granted.

Defendant has not conferred with plaintiff *pro se* regarding this matter because plaintiff *pro se* is incarcerated.[1] An order granting the relief sought is attached hereto.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W., Tenth Fl.
Washington, D.C. 20530
(202) 514-7198
Counsel for Defendant

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss non-dispositive motions with "opposing counsel." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of the United States Attorney's Office in this District to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). That Rule excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, the Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LcvR 16.3(a).

## CERTIFICATE OF SERVICE

      I hereby certify that on this ____ day of _____, 2006, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

**TOMMIE ANDERSON**
**Reg. #24492-034**
**USP Pollock**
**Post Office Box 2099**
**Pollock, Louisiana 71467-2099**

 

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7198