EXHIBIT  1

## FREEDOM OF INFORMATION ACT REQUEST


Mr. George J. Cazenabette
(DEA Special Agent In Charge)
3838 North Causeway Blvd. Suite 1800
Metairie, Louisiana 70002


Dear Sir:

This is a request pursuant to the Freedom of Information/Privacy Act. I am requesting the following the following file(s) documents, reports, statistics and other information as stated below and herein.

This request is in regards to the New Orleans' DEA Gulf Coast area's Task Force Under agreement with Local and State authorities, such requests are:

   a. statistics dealing with the controlled substances and drugs in the New Orleans area as associated with the **Standard State & Task Force Agreement(s),**

   b. arrests made from September 14, 1994 to September 30, 1995 for drugs and controlled substances violations,

   c. charges filed in state court by DEA or members of the Task force,

   d. charges filed in federal court by members of the Task Force working under agreement with state and local agents,

   e. race and ethnicity of the accuse/defendants charged, arrested, and complaint filed in state court and of those filed in federal court,

   f. authorization of DEA field agents working under agreement with state and local law enforcement agents to file such investigated cases in federal court, and such authorization to file such investigated cases in state courts,

   g. the amount of those investigated, arrested or convicted used as,

      1. informants with out confidentiality?

      2. informants with confidentiality?

      3. co operating individuals?

      4. noted drug dealers, ex-felons, or and informants which the DEA special agents allowed to carry weapons while aiding the investigation?

      5. how many of the informants, has been reported to have weapon on their persons and not charged with a fire arm offense when it is known they are drug offenders or ex-felons?

      6. how many co operating, informants, noted drug dealers are allowed to continue their illegal criminal trade as long as they aid and assist the Task Force or their respective agents?

e.  How many drug dealers has been paid by the DEA or their special field agents for their co operation in drugs and controlled substances investigation during the course of the **Standard State & Task Force Agreement(s)**, and how much is this over all cost and  expenditure for the one year period in concerned here?

f.  How many drug dealers, abusers, or criminals the DEA working under agreement with Local & State officials has promised or granted or encourage leniency to, by themselves, prosecution or from the courts of the United states or courts of any state but specifically the state of Louisiana?

g.  Does the DEA have a criteria or special ways of determining under the **"STANDARD STATE & TASK FORCE AGREEMENT"** which drug or controlled substance violators is to be prosecuted in state court and which violators or to be prosecuted in federal court? If so, I would very much appreciate a copy of this resolution, procedure, or means of determining the jurisdiction the case should be presented, state, federal or etc, etc,

h.  During a combine state & local task force investigation of drugs and controlled substances, where the DEA is a party, who determines and how is it determined where the case is to be prosecuted when there in not any **"STANDARD STATE & LOCAL TASK FORCE AGREEMENT"** between the different investigating jurisdictional authorities or any other prewritten agreements? If there is a memo, , documents posted, filed or known to exist, please foreward a copy to me.  In the alternative, if such a rule, regulation, law, statute or general means of process, does not exist, please explain in writing the way this situation would be or is generally handled by the field agent or the administration of both or either concerned government?

I.  In regards to **Chad Scott**, special DEA agent contracted from the sheriff department of Tangipahoa Parish, during the life time of the herein said agreement from September 14, 1994 to September 30, 1995, I  request the following information;

    a)  how many arrest were made utilizing or with the participation of Chad Scott during the course of the agreement?
    b)  how many of those arrested was actually charged?
    c)  how many charged in state court?
    d)  how many charged/complaint filed in federal court?
    e)  how many charged with, (1) cocaine base "crack", (2) powder, (3) crack & powder, or (other forms of drugs or controlled substances?
    f)  how many was Afro-Americans/Black?
    g)  how many was Anglo-Amderica/White?
    h)  how many was citizens of the state of Louisiana?
    i)  how many was not citizens of the United States?
    j)  how many was investigated and not charged?
    k)  how many was charged and had charges later droped?
    l)  how many of j) and k) was White and how many was Black?
    m)  how many had their charges lowered from initial charges when arrested?
    n)  how many went to trial?
    o)  how many plead guilty?
    p)  how many was found or pleaded guilty and was given pabation or some other form of corrective punishment of penalty?
    q)  how many from m) to p) were Black and how many were White?

r)  how many were given probation or suspended sentences, and
    what was their ethnicity or race, whom was arrested by Chad
    Scott while Scott worked  under the  **"STANDARD STATE & TASK
    FORCE AGREEMENT"** from September 14, 1994 through September
    30, 1995 and the cases was filed in state court.

s)  The same information requested and required for Chad Scott
    is also required and requested for Special DEA agent James
    "Skip" Sewell for the dame period of time and under what ever
    agreement that covers his actions concerning the agreement
    that covers the same period of time.

t)  how many cases was presented to state court and the state
    court referred the case to federal court which was originally
    charge in state court by Chad Scott in the same time period
    herein concerned or any member of the Task Force Under agreement
    with the DEA.

u)  other information may be required in the course of this filing
    and the responses rendered by this agency.


    The statistics required from the DEA about a state agent is
applicable because of the DEA and Sheriff of Tangipahoa Parish's
agreement.  Part of that agreement dictates that records are kept
by the DEA from those and by those agents working under the said
agreement.  This agreement dictates that the DEA is the record
keeper and the information gatherer for the **State and Local Task
Force.**

    Therefore, while agents Chad Scott and James Sewell was/is
assigned to this agency (DEA) this agency is **FIOA** reliable and
responsible for his official acts and actions, even his unofficial
acts and actions when done under the color of law and the agreement
he was hired to carry out.

    This being true, the above information is requested, as well
as the below and required documents, such as:

    A copy of agents Chad Scott and James Sewell's;
        1.  Daily,
        2.  Monthly,
        3.  Quarterly,
        4.  Annually or,
        5.  any and all other required reporting of work, investigations
    arrests, complaints filed in federal courts or charges
    filed in state courts or a **Vaughns Index** detailing what
    document can not be released, why, and how many pages,
    etc, etc, and of the matters protected by the privacy
    act.  Though the requester reminds this office that it
    has been    eight years since this information was collected
    or the documents requested was active concerning himself.


    I would also appreciate the rules and regulations citation
in the  codes of criminal procedures of the United States Annotations
and what **Title** under **Crimes and Criminal Procedures** the DEA utilized
to investigate local drug crimes under the **Standard State & Local
Task Force Agreement** that allows for the transferring of those
drug or controlled substances cases to federal court without permission
from state authourities, state courts or state government?

**In conclusion,** I will admit that the information here requested is for several reasons, one of which is for the publics right to know what its governments is doing and how they are doing it. The people the action of this agency affects has a right to know why some people are treated different from other people, when their cases and charges are similar in nature and deal with the same substances and the same set of people and circumstances, even to the point where the accuse has similar criminal records and back grounds.

Another reason is because the same thing is continuously going on, Day after Day, Month after Month and Year after Year. The United States Government is not the police of the several states citizenry and should not be allowed access to criminal matters beyond the dictate of the Constitution of the United States.

Another reason is, rules, regulations, statutes, laws and agreements issued by the governing bodies should be followed by all concern persons, other wise one violator is sent to prison while another is praised, establishing a mode for racism, prejudice, bias, unequal treatment, unequal protection, civil and constitutional violations and more. An agent of the DEA or any office of trust, should not be allowed to trick, deceive, ignore or intentionally mislead suspects, or defendants to the point of violating agreements that they have been sworned to follow and obey. This violates their oaths of office and general ethics for officer of the united States Government, as well as state and local ethics as applied by their respective agencies.

And, **is** public information.

Thank you for any aid or assistance you or your office might render. If there is anything I can do for you to help clear up this mis-fortune please do not hesitate to ask.

Respectfully Submintted

Tommie Anderson #24492-034
United States Penitentiary
Post Office Box 2099
Pollock, La. 71467

## FREEDOM OF INFORMATION ACT REQUEST

Date: **OCTOBER 20, 2003**

Name of Agency: **DRUG INFORCEMENT ADMINISTRATION  N.O. DIV.**

Address: **3838 N. CAUSEWAY BLVD., THREE LAKEWAY CENTER, STE. 1800**

City/State/Zip: **METAITIRE, LOUISIANA  70002**

Dear Sir or Madam: **OF RECORDS,**

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:   I would very appreciate copies of your present and active **Standard State & Local Task** force **Agreement** for the following Parishes; **Tangipahoa, St. Helena, St. Tammany,** and **Livingston** of the State of Louisiana Gulf Coast area.

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

_(Name)_
**Tommie Anderson**

**24492-034            A-2-257**
ID Number                    (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467



Tommie Anderson
Reg. #24492-034
United States penitentiary
Post Office Box 2099
Pollock, Louisiana 71467-2099

To:

Katherine Myrick
Operation Unit
FOIA/Records Management Section

Dear Katherine L. Myrick,

Letter of November 25, 2003 was received December 1, 2003.
Your letter was in regards to the New Orleans" DEA Gulf Coast
area's Task Force.  I stand corrected. "The agency is the New
Orleans Field Division Task Force" operating "in" the Gulf Coast
area.  Sorry.

My request was also for any other "Standard State & Local
Task Force Agreement between the Sheriff of Tangipahoa Parish
and the DEA, as well as any agreement between the state of
Louisiana and the DEA in regards to criminal activities or drug
related crimes in the State of Louisiana, particularly in the
Tangipahoa Parish area, both long term and short term agreements
between both these parties; The DEA and the State and the Sheriff
Department of Tangipahoa Parish and the DEA, all in the state of
Louisiana.

A New Request:  Chad Scott, a DEA agent working out of the
New Orleans DEA division was a state sheriff deputy during the
course of the 1994 Agreement, and was the lead agent in the
investigation, arrest, and referal of Myself to the federal
forum.  I am requesting any information he may have in regards to
myself.  Any hand written notes, reports, taped conversations,
video or any other material that pertains to Tommie Anderson,
born April 3, 1946, in Mississippi, Magnolia.  Social security #
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.  Chad Scott was also a member of the DEA's New
Orleans Field Division Task Force under the Agreement of 1994.
Therefore the information I am requesting is FOIA applicable and
requires releasing to requester.  also, any seized property.



If your office require another copy of the original request for the statistical information asked for, I would gladly furnish one. The information I am requesting is public information, and information about "my self". The public information is to determine how our government work and whether or not it is unholding its obligation to the Constitution of the United States of America. To insure too, that all the people under it's domain are treated equally and fairly according to the written laws, rules, and regualtions this system of government operates under.

My concern is that when a state agent is utilized to bring criminal cases into federal courts, then that state is not being protective of its' citizenry. Also, the federal system will have over stepped it's boundry violating the sovereignty of the state and constitutional rights of the individual state citizen.

Even though the state and federal have dual jurisdiction over drug crimes, there is still the facts over jurisdiction that determines who should prosecute what criminal acts, in relation to drug violations. Therefore, when both state and federal are combined to investigate drug crimes, they must have an agreement between them to determine who gets what types of drug cases.

If I was to speculate as to how this should be done, I would say that the federal government should prosecute all crimes, where the violation of which, crossed/crossing other states or national borders. Drug crimes that entails trafficking on a state to state level or nation to nation. These would be federal crimes. State crimes would be lesser controlled substance violations, such as, street crimes or buy and sale relationships where the money invlove does not excede $50,000.

Jurisdiction is generally not determine by the crime that was committed, because most acts criminalized by the state are also criminalized by the federal government as well. Therefore it is ethical that jurisdiction be determine by the place in which the act has been committed. Even so, in the instant case, a determination had been made concerning who had jurisdiction, or rather who would prosecute the case, the federal or the state of Louisiana? it was determine that the state would prosecute according to the **Standard State & Local Task Force Agreement, at Sec. (c), clause 1 (One).**

For these reasons, the information I am asking for is very important to my civil suit in both federal and state courts. The information should show the disparity between cultures, ethnicity, race as well as the type and kind of drugs.

The information will also show that the **Agreement** was honored on behalf of some suspected drug dealers and not for others, with no discernable reason as to why?

The prejudice and unreasonableness is in this vain; I was given 15 yrs. and 8 mos. Had the state of Louisiana given me 25 years of the same offense. My state release date would arrive before the federal release date for the 188 months (15 yrs. 8 mons.) provided I retained a normal or adequate behavior for parole in half time. The federal forum don't have parole.

The other difference to my prejudice is federal "Conspiracy" laws, which does not require an "overt Act" to be found guilty of a crime someone else committed. I did not get caught saling drugs, buying drugs or in possession of drugs. But,,,, here I am

in prison. The other said coconspirator was given under six years, the person that actually sold the drugs to an undercover agent.

I am not trying to fight my case here, I am just trying to insure that future citizen get a fair shake and that "I", get my rights which was violated, compensated for. What I want is equal treatment accrossed the board. No person should be punished any harsher than another committing the same said criminal act with similar back ground or criminal history. Everyone should be equal under the law, and if I must be punished for violating that law, so should those that violates my constitutional rights. For they are also violating the very substance of the laws violated.

In that vain, the agent Chad Scott and James Sewell had not authorization to remove me from state custody and place me in federal custody. Through previously received FOIA material, there was not found any warrants, removal orders, extradition determinations or any other form of required processes. These processes are of both federal and state mandatory requirements for all similarly situated circumstances involving state and federal co-operation in a suspected citizen's Due Process, Equal Protection and other Criminal and civil Rights under which he is clothed, regarding said criminal acts he may or may not have committed.

In essence, there must be a written order order showing authorization of actions dealing with the investigation, arrest, charges and remobal from one jurisdiction to another. Also, to show cause of action. There are rules and regulations for all agents, and governmental employees that must be followed in all

situations under their control, and only in an emergency or sometimes and exigency should an officer or agent step out side of his authorization to act.

In this respect, I have found computer printed material implying that a fugitive warrant existed for me filed by the DEA (Through FOIA I found no such warrant) for my arrest and detention. This none existing warrant was also used by Chad Scott and James Sewell to remove me from state custody/jurisdiction into federal custody/jurisdiction. Therefore, I am fighting to reserve State Right to its own Sovereignty and the right to be protected by that body government, as well as to help preserve the constitution of the United States and the constitution of the State of Louisiana.

The material I am asking for from this office is to aid me in the fight for the maintenance of civil liberties and the pursuit of happiness where freedom is unique and a plausible where all is treated equally by law and justice is afforded by the legitimate acts of those governing the governed.

This letter can be utilized by your office to extract what material I am or have request, in the event that what I am asking for have not made clear in previous requests filed.

**To Reiterate**, I am requesting statistical information regarding;
1. **Jailed inmates, by race, ethnicity, and drug type by D.E.A. in the tri Parishes, St. Helena, Livingston, and Tagipahoa in the State of Louisiana?**
2. **How many of these Controlled Substance offenders was investigated Chad Scott and James Sewell, while working with or for the DEA out of the <u>New Orleans Field Division Task Forece</u> was tried in <u>State Court</u>, and how many tried in Federal Court, and the race of the suspect/defendant?**

3. what was the amount, type and strength of the drugs siezed
   or the defendants was charged with or and convicted of?
4. how much time did each defendant receive from there drug convictions
   in the federal courts?  and how much did they receive in state
   court.
5. please send a copy of the decision making process which allows
   state citizen to be tried in federal court when the investigation
   is conducted under a Standard State & Local Task Force Agreement?
6. how many cases of drug offenses was directed by the DEA or
   it agents or co operating special agents to state courts of
   the Tri Parishes in the Gulf Coast area? .
7. this reiteration does not supplant the previously filed request. _____

The **AMERICAN JURISPRUDENCE 2d** "**DESK BOOK (1998)** give the

National Statistics, but not show a geographical area such as

herein asked for.  Nor does it respond to personalized agencies

and their agents as to how the agency operate or the policy

utilized to insure justice in the way their agents bring cases

into the federal forum.

Even so, The American Jurisprudence 2d, Desk Book,  deals with

crime rates, persons indicted drug removal etc, etc, etc, but

not, as I said for the area and agency in question.  It also does

not relate to a particular time period, which in this case is

the life of the **STANDARD STATE & LOCAL TASK FORCE AGREEMENT** that

is the key to the liberty interest I am concerned with.

The  agency  in  question  is  the  New  Orleans  Division  Drug

Enforcement  Administration.    And,  its  New  Orleans's  Field

Division Task Force. The agents in question or; Chad Scott (use

to be a Tangipahoa Sheriff Deputy and a special agent for the

D.E.A.'s Field Division Task Force); James "Skip" Sewell, special

D.E.A. agent also working with or for the New Orlean's Field

Division Task Force.

The **time** in question is from, **September 1994 to September 1995.**

Thank you for the Standard State & Local Task Force Agreement, I is very much appreciated. This agreement appear to be only for one year. are there on other agreements that are prior to this one, or after the 1994 agreement? If so, Please send copies at my expense if necessary. Thank You.

My main concern here and previously made clear in a FOIA request, is "Statistical Data" regarding the arrests, referal and prosecution of drug violators in the Gulf Coast area performed by the DEA and the DEA's New Orleans Field Division Task Force(s).

My concerns are centered around the Standard State & Local Task Force Agreement, in that, Clause one Section (c) indicate that the "Task Force's activities result in effective prosecution before the courts of the 'State of Louisiana'". "I" ended up in federal court under this agreement. Now, my interest is how many such said drug violators ended up in state court, and how many ended up in federal court whom was investigated (and the evidence accumulated utilized) by the DEA's New Orleans Field Division Task Force, per The Agreement has been convicted, and in which forum, federal or state.

This request has been with your office for some time now, and my situation in the civil court in the State of Lousiana, Parish of Tangipahoa, in the city of Amite, Louisiana, (Case number: 2003-001495, Division "H". Tommie Anderson v. Sheriff of Tangipahoa Parish, J. Edward Layrisson, Chad Scott, James "Skip" Sewell, and others) will require this information to procede to trial. Therefore, I urge and request immediate attention to the statistics requested.

In Ad-vance I Thank You.

Respectfully Requested

Tommie Anderson

# EXHIBIT  2

U.S. Department of Justice
Justice Management Division

**Freedom of Information Act/Privacy Act**
**Referral/Action Slip**

Date:    AUG 2 7 2003

Clerk: Barnes
Organization: JMD/FASS
Building & Room: LOC, Room 113

| To | From | | To | From |
|----|----|----|----|----|
| ☐ | ☐ | Office of Information & Privacy | ☐ | ☐ | Immigration Review, Executive Office for |
| | | __ The Attorney General | ☐ | ☐ | Inspector General, Office of |
| | | __ Deputy Attorney General | ☐ | ☐ | Intelligence Policy, and Review, Office of |
| | | __ Associate Attorney General | | | |
| | | __ Public Affairs, Office of | ☐ | ☐ | INTERPOL, U.S. National Central Bureau |
| | | __ Legislative Affairs, Office of | | | |
| | | __ Policy & Development, Office of | ☐ | ☐ | Justice Management Division |
| | | __ Intergovernmental Affairs, Office of | | | Staff:_____ |
| ☐ | ☐ | Antitrust Division | ☐ | ☐ | Justice Programs, Office of |
| ☐ | ☐ | Bureau of Prisons | ☐ | ☐ | Legal Counsel, Office of |
| ☐ | ☐ | Civil Division | ☐ | ☐ | Pardon Attorney, Office of |
| ☐ | ☐ | Civil Rights Division | ☐ | ☐ | Professional Responsibility, Office of |
| ☐ | ☐ | Community Relations Service | ☐ | ☐ | Solicitor General, Office of |
| ☐ | ☐ | Community Oriented Policing Services | ☐ | ☐ | Tax Division |
| ☐ | ☐ | Criminal Division | ☐ | ☐ | U.S. Attorneys, Executive Office for |
| ☒ | ☐ | Drug Enforcement Administration | ☐ | ☐ | U.S. Marshals Service |
| ☐ | ☐ | Environment & Natural Resources Division | ☐ | ☐ | U.S. Parole Commission |
| ☐ | ☐ | Federal Bureau of Investigation | ☐ | ☐ | U.S. Trustees, Executive Office for |
| ☐ | ☐ | Foreign Claims Settlement Commission | | | |
| ☐ | ☐ | Immigration & Naturalization Service | ☐ | ☐ | _____ |

Requester: Tommie Anderson

Ref: _____

Date of Request: July 25, 2003

Received By: FOIA/PA Referral Unit        Type of Request: FOIA

Remarks: Requester advised of this referral.

**INFORMATION AND PRIVACY**
**950 PENNSYLVANIA AVENUE N.W.**
**WASHINGTON, D.C. 20050**


**FROM:**                                      In Re DEA (New Orleans Div.)
                                               May 29, 2003


Tommie Anderson
Reg. #24492-034
United State Penitentiary
Post Office Box 2099
Pollock, Louisiana  71467-2099

**To Whom It May Concern,**

I have filed for the attached information from the **Drug Enforcement Administration** (DEA). The DEA have not responded to the request for information, as to the information.

This legitimate inquiry is into and for public information concerning a governmental agency. These statistics is viable to determine if tax money is being properly utilized and accounted for. Also, whether or not the federal government is usurpating the powers of the State, Local or City government agents and agencies.

Though Mr. George J. Cazennabette is no longer in the New Orleans Office, the questions pertaining to him should still be answered by him, as he is the authorized agent of the **Standard State & Local Task Force Agreement.** Therefore, what he believed and what he know he agreed with in the contract/agreement herein in question. Therefore, since I do not have his address, this office should locate Mr. Cazenabette (the acting special agent of the DEA in the Gulf Coast area of Louisiana, in New Orleans and send him a copy of this letter to answer, and the DEA agency should answer the other information and data requested. If this can't be

done, I would like to have his address for both the freedom of information act, and to make him aware of a civil suit that has been filed against him if the District Court in Washington D.C. have not made him aware of the suit.


Thank You For Any Consideration Rendered,




Respectfully Submitted

Tommie Anderson

EXHIBIT  3

# EXHIBIT  4



**U.S. Department of Justice**

**Drug Enforcement Administration**

NOV 2 5 2003

---

*Washington, D.C. 20537*

Tommie Anderson #24492-034
USP Pollock
P.O. Box 2099
Pollock, LA 71467

Dear Tommie Anderson:

This letter is in response to your undated Freedom of Information Act request to the Drug Enforcement Administration (DEA), in regards to the New Orleans DEA Gulf Coast area's Task Force.

The New Orleans DEA Gulf Coast area's Task Force is a term that DEA cannot identify, and we request that you provide us with more detailed information regarding this agreement so that we may perform a more in-depth search for responsive documents.

The DEA does have a standard state and local task force agreement between the Tangipahoa Parish Sheriff's Office and the DEA that we will provide you with.

If we can be of further assistance please contact this office with the requested additional information.

Sincerely,

Katherine L. Myrick

Katherine L. Myrick, Chief
Operations Unit
FOI/Records Management Section

Enclosure

EXHIBIT  5

Tommie Anderson
Reg. #24492-034
United States penitentiary
Post Office Box 2099
Pollock, Louisiana 71467-2099

To:

Katherine Myrick
Operation Unit
FOIA/Records Management Section

Dear Katherine L. Myrick,

Letter of November 25, 2003 was received December 1, 2003.
Your letter was in regards to the New Orleans" DEA Gulf Coast
area's Task Force.  I stand corrected. "The agency is the New
Orleans Field Division Task Force" operating "in" the Gulf Coast
area.  Sorry.

My request was also for any other "Standard State & Local
Task Force Agreement between the Sheriff of Tangipahoa Parish
and the DEA, as well as any agreement between the state of
Louisiana and the DEA in regards to criminal activities or drug
related crimes in the State of Louisiana, particularly in the
Tangipahoa Parish area, both long term and short term agreements
between both these parties; The DEA and the State and the Sheriff
Department of Tangipahoa Parish and the DEA, all in the state of
Louisiana.

A New Request:  Chad Scott, a DEA agent working out of the
New Orleans DEA division was a state sheriff deputy during the
course of the 1994 Agreement, and was the lead agent in the
investigation, arrest, and referal of Myself to the federal
forum.  I am requesting any information he may have in regards to
**myself**.  Any hand written notes, reports, taped conversations,
video or any other material that pertains to Tommie Anderson,
born April 3, 1946, in Mississippi, Magnolia.  Social security #
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.  Chad Scott was also a member of the DEA's New
Orleans Field Division Task Force under the Agreement of 1994.
Therefore the information I am requesting is FOIA applicable and
requires releasing to requester.  also, any seized property.



If your office require another copy of the original request for the statistical information asked for, I would gladly furnish one. The information I am requesting is public information, and information about "my self". The public information is to determine how our government work and whether or not it is unholding its obligation to the <u>Constitution</u> of the United States of America. To insure too, that all the people under it's domain are treated equally and fairly according to the written laws, rules, and regualtions this system of government operates under.

My concern is that when a state agent is utilized to bring criminal cases into federal courts, then that state is not being protective of its' citizenry. Also, the federal system will have over stepped it's boundry violating the sovereignty of the state and constitutional rights of the individual state citizen.

Even though the state and federal have dual jurisdiction over drug crimes, there is still the facts over jurisdiction that determines who should prosecute what criminal acts, in relation to drug violations. Therefore, when both state and federal are combined to investigate drug crimes, they must have an agreement between them to determine who gets what types of drug cases.

If I was to speculate as to how this should be done, I would say that the federal government should prosecute all crimes, where the violation of which, crossed/crossing other states or national borders. Drug crimes that entails trafficking on a state to state level or nation to nation. These would be federal crimes. State crimes would be lesser controlled substance violations, such as, street crimes or buy and sale relationships where the money invlove does not excede $50,000.

Jurisdiction is generally not determine by the crime that was committed, because most acts criminalized by the state are also criminalized by the federal government as well. Therefore it is ethical that jurisdiction be determine by the place in which the act has been committed. Even so, in the instant case, a determination had been made concerning who had jurisdiction, or rather who would prosecute the case, the federal or the state of Louisiana? it was determine that the state would prosecute according to the **Standard State & Local Task Force Agreement, at Sec. (c), clause 1 (One).**

For these reasons, the information I am asking for is very important to my civil suit in both federal and state courts. The information should show the disparity between cultures, ethnicity, race as well as the type and kind of drugs.

The information will also show that the **Agreement** was honored on behalf of some suspected drug dealers and not for others, with no discernable reason as to why?

The prejudice and unreasonableness is in this vain; I was given 15 yrs. and 8 mos. Had the state of Louisiana given me 25 years of the same offense. My state release date would arrive before the federal release date for the 188 months (15 yrs. 8 mons.) provided I retained a normal or adequate behavior for parole in half time. The federal forum don't have parole.

The other difference to my prejudice is federal "Conspiracy" laws, which does not require an "overt Act" to be found guilty of a crime someone else committed. I did not get caught saling drugs, buying drugs or in possession of drugs. But,,,, here I am

in prison.  The other said coconspirator was given under six years, the person that actually sold the drugs to an undercover agent.

I am not trying to fight my case here, I am just trying to insure that future citizen get a fair shake and that "I", get my rights which was violated, compensated for.  What I want is equal treatment accrossed the board.  No person should be punished any harsher than another committing the same said criminal act with similar back ground or criminal history.  Everyone should be equal under the law, and if I must be punished for violating that law, so should those that violates my constitutional rights.  For they are also violating the very substance of the laws violated.

In that vain, the agent Chad Scott and James Sewell had not authorization to remove me from state custody and place me in federal custody. Through previously received FOIA material, there was not found any warrants, removal orders, extradition determinations or any other form of required processes.  These processes are of both federal and state mandatory requirements for all similarly situated circumstances involving state and federal co-operation in a suspected citizen's Due Process, Equal Protection and other Criminal and civil Rights under which he is clothed, regarding said criminal acts he may or may not have committed.

In essence, there must be a written order order showing authorization of actions dealing with the investigation, arrest, charges and remobal from one jurisdiction to another.  Also, to show cause of action.  There are rules and regulations for all agents, and governmental employees that must be followed in all

situations under their control, and only in an emergency or sometimes and exigency should an officer or agent step out side of his authorization to act.

In this respect, I have found computer printed material implying that a fugitive warrant existed for me filed by the DEA (Through FOIA I found no such warrant) for my arrest and detention. This none existing warrant was also used by Chad Scott and James Sewell to remove me from state custody/jurisdiction into federal custody/jurisdiction. Therefore, I am fighting to reserve State Right to its own Sovereignty and the right to be protected by that body government, as well as to help preserve the constitution of the United States and the constitution of the State of Louisiana.

The material I am asking for from this office is to aid me in the fight for the maintenance of civil liberties and the pursuit of happiness where freedom is unique and a plausible where all is treated equally by law and justice is afforded by the legitimate acts of those governing the governed.

This letter can be utilized by your office to extract what material I am or have request, in the event that what I am asking for have not made clear in previous requests filed.

To Reiterate, I am requesting statistical information regarding;
1. Jailed inmates, by race, ethnicity, and drug type by D.E.A. in the tri Parishes, St. Helena, Livingston, and Tagipahoa in the State of Louisiana?
2. How many of these Controlled Substance offenders was investigated Chad Scott and James Sewell, while working with or for the DEA out of the New Orleans Field Division Task Forece was tried in State Court, and how many tried in Federal Court, and the race of the suspect/defendant?

3. what was the amount, type and strength of the drugs siezed or the defendants was charged with or and convicted of?
4. how much time did each defendant receive from there drug convictions in the federal courts?  and how much did they receive in state court.
5. please send a copy of the decision making process which allows state citizen to be tried in federal court when the investigation is conducted under a Standard State & Local Task Force Agreement?
6. how many cases of drug offenses was directed by the DEA or it agents or co operating special agents to state courts of the Tri Parishes in the Gulf Coast area?
7. this reiteration does not supplant the previously filed request. _____

The **AMERICAN JURISPRUDENCE 2d**  **"DESK BOOK (1998)** give the National Statistics, but not show a geographical area such as herein asked for.  Nor does it respond to personalized agencies and their agents as to how the agency operate or the policy utilized to insure justice in the way their agents bring cases into the federal forum.

Even so, The American Jurisprudence 2d, Desk Book,  deals with crime rates, persons indicted drug removal etc, etc, etc, but not, as I said for the area and agency in question.  It also does not relate to a particular time period, which in this case is the life of the **STANDARD STATE & LOCAL TASK FORCE AGREEMENT** that is the key to the liberty interest I am concerned with.

The agency in question is the New Orleans Division Drug Enforcement Administration.  And, its New Orleans's Field Division Task Force. The agents in question or; Chad Scott (use to be a Tangipahoa Sheriff Deputy and a special agent for the D.E.A.'s Field Division Task Force); James "Skip" Sewell, special D.E.A. agent also working with or for the New Orlean's Field Division Task Force.

The **time** in question is from, **September 1994 to September 1995.**

Thank you for the Standard State & Local Task Force Agreement, I is very much appreciated.  This agreement appear to be only for one year. are there on other agreements that are prior to this one, or after the 1994 agreement?  If so, Please send copies at my expense if necessary.  Thank You.

My main concern here and previously made clear in a FOIA request, is "Statistical Data" regarding the arrests, referal and prosecution of drug violators in the Gulf Coast area performed by the DEA and the DEA's New Orleans Field Division Task Force(s).

My concerns are centered around the Standard State & Local Task Force Agreement, in that, Clause one Section (c) indicate that the "Task Force's activities result in effective prosecution before the courts of the 'State of Louisiana'". "I" ended up in federal court under this agreement.  Now, my interest is how many such said drug violators ended up in state court, and how many ended up in federal court whom was investigated (and the evidence accumulated utilized) by the DEA's New Orleans Field Division Task Force, per The Agreement has been convicted, and in which forum, federal or state.

This request has been with your office for some time now, and my situation in the civil court in the State of Lousiana, Parish of Tangipahoa, in the city of Amite, Louisiana, (Case number: 2003-001495, Division "H".  Tommie Anderson v. Sheriff of Tangipahoa Parish, J. Edward Layrisson, Chad Scott, James "Skip" Sewell, and others) will require this information to procede to trial. Therefore, I urge and request immediate attention to the statistics requested.

In Ad-vance I Thank You.

Respectfully Requested

*Tommie Anderson*

Tommie Anderson

EXHIBIT  6

Tommie Anderson
Reg. 24492-034
United States Penitentiary
Post Office Box 2099
Pollock, Louisiana 71467-2099

To:

Katherine Myrick
Operation Unit
FOIA/Records Management Section

Dear Ms Katherine L. Myrick,

I am writing to inquire about the progress of my **FOIA** request for information. I have not heard from your office since November 25, 2003.

I would appreciate a list of all filings in this case as to my request to this office and their response to my requests or filings. A date for each recorded filings will be appropriate.

Your request for an extention of time was noted. As well as your decision not to release personal data under the Privacy Act. Though I object to that determination I can not appeal until your completion of the rest of the FOIA, specifically the STATISTICAL requests.

I would very much appreciate an immediate reply to this letter of concern.

Respectfully Resquested

Tommie Anderson

# EXHIBIT  7

**U. S. Department of Justice**

Drug Enforcement Administration

Freedom of Information

---

*www.dea.gov*

Tommie Anderson #24492-034
USP Pollock
P.O. Box 2099
Pollock, LA 71467

RE: 03-1775-F

Dear Mr. Anderson:

Reference is made to your undated letter received in this office on April 27, 2004, regarding the status of your previous inquiry of the New Orleans Field Division Task Force.

In our November 25, 2003 correspondence to you, a copy of a standard state and local task force agreement between the DEA and the Tangipahoa Parish Sheriff's office was sent to you in response to your request.

The Office of Operations Management coordinates and administers the Drug Enforcement Administration's (DEA) State and Local Task Force Program; Title 21 State and Local Deputilization and Cross Designation (other federal) requests; and serves the repository for DEA's Standard State and Local Task Force Agreements.

In regards to your specific questions posed to the DEA regarding statistical information, the Statistical Services Section does not collect nor compile data on jailed inmates by parish or on investigations conducted by specific individual agents. The Statistical Services Section also has no information about the "decision making process" referred to in your inquiry.

If we can be of further assistance please feel free to contact this office.

Sincerely,

Katherine L. Myrick, Chief
Operations Unit
FOI/Records Management Section

64

# EXHIBIT  8

Tommie Anderson
Reg. 24492-034
United States Penitentiary
Post Office Box 2099
Pollock, Louisiana 71467-2099

To;                                                    June 10, 2004

UNITED STATES DEPARTMENT JUSTICE

DRUG  ENFORCEMENT ADMINISTRATION

WASHINGTON, D.C. 20537

In Re: Request No. 04-1286-F and many other requests and
inquiries, such as 03-1775-F, etc, etc,,,,

Dear Ms katherine Mysick,

My inquiries into my original request for the statistical
information has been continually denied indirectly by starting
the process of my FOIA all over again with a new number.

Therefore I am requesting a copy of all inquiries to your
office and responses from those inquiries regarding statistical
requests for information.

In the alternative, please send the address to the
administrative appeal process office.


Thank you for your assistance and immediate attention to
this matter.


                                        As All Ways
                                        Respectfully Submitted

                                        _Tommie Anderson_
                                        Tommie Anderson

Tommie Anderson                                    MAY 17, 2004
Reg. 24492-034
United States Penitentiary
Post Office Box 2099
Pollock, Louisiana 71467-2099

to;

U.S. Department of Justice                         RE: 03-1775-F
Drug Enforcement Administration
-Chief of Operation Unit,
Katherine L. Myrick
FOI/Records Management

Dear Chief of Operations

     I am in receipt of your undated refistered letter, your letter
is post marked, May 03, 2004, stamped received by this institution's
mail room May 11, 2004.. I signed for the same May 13, 2004.

     Think you for your response. '

     What I am concerned about is why this office did not foreward
my request to the appropriate office?  in you letter, you indicated
it to be "The Office of Operations Management" which coordinated
and administers the Drug Enforcement Administration's (DEA) State
and Local Task Force Program.  I am herein requesting that such
material which indicates  a particular agency of the DEA that
have been requested, be sent to that agency to fulfill the FIOA
request.

     I would appreciated from your office a copy of your operations
manual, which details the purpose and responsibilities you and
your staff are bound by.

     In the interim, the **Standard State & Local Task Force Agreement**
You have suppled me with has details of obligations of accounting and
record keeping, amongst other things. Sections 9 and 10 should
be sufficient to qualify the requested material asked for for
release.

I was the responsibility of the TPSO to collect, maintain
and submit such records, accounts obligations and expenditures
of funds under this agreement in according with general accounting
principles and instructions provided by DEA to facilitate on-site
inspection and auditing of such records and accounts.  See Section
#9 of the Agreement.

Section #10 states;

"The TPSO shall permit and have readily available for examination
and auditing by DEA, the United States Department of Justice
or the Comptroller General of the United states or any of
their duly authorized agents and representatives, any and
all records, documents, accounts, invoices, receipt6s or
expenditures relating to this agreement.  In addition, the
TPSO will maintain all such foregoing reports and records
until all audits and examinations are completed and resolved,,,

My request is also for information that would suggest that
my Civil Rights were violated, TPSO/DEA has those conditions of
TPSO agents in Section 11 of the agreement.  **Title VI** of the Civil
Rights Act of 1964, and those imposed by the Department of Justice,
**28 CFR Part 42, Subparts C and D were also violated.**

In requards to my request for statistical specificities.
you office should be able to request such information from the
DEA's accountability department or whom ever keeps track of what
their agents are doing (where, when, how and **WHY?)** to determine
the legitimacy, competency, and reasonableness of their actions.

If such agency is not The  Office of operations Management,
which coordinates and administers the Drug Enforcement Administration's
(DEA) State and Local Task Force Program, please advise as to
what agency would have, or keeps track of, such information.

In closing; I depend on your position of trust to insure
that my rights or not violated or construed to deny my request.

As to the Statistical information, the Statistical service Section should have the local statistics of the New Orleans Field Division of the DEA.  Other wise how is their success and failures measured? or their  expenditures accounted for? Whether or not the Statistical Service Department have this information, albeit, Some agency within the Drug Enforcement Administration does, by necessity, must account for the information I am requesting, have to keep accounting records as well as arrest records of all defendants arrested by the DEA, DEA agents, special agents and those under agreement with other state agencies whom are accountable to the DEA's rules, regulations and records and accounting practices.

Therefore, any statistical information regarding the New Orleans' DEA would be helpful concerning Controlled Substances; the arrest, conviction, ethnicity, race, color, probation, sentence, parole, type of drugs, and so forth.  The years I am most concerned about is 1994 and 1995.

One final request; the address of the Office of Operation Management that coordinates and administers the Drug Enforcement Administration's (DEA) State and Local Task Force Program.

Thank you again for your patience and consideration.

Yours Truly, in Respect

Tommie Anderson
May 17, 2004

EXHIBIT  9



**U.S. Department of Justice**

**Drug Enforcement Administration**

---

June 1, 2004

*Washington, D.C. 20537*

Request Number:     04-1286-F

Subject of Request:     STATISTICAL INFORMATION REGARDING THE NEW ORLEANS'
DIVISION CONCERNING CONTROLLED SUBSTANCES; THE ARREST,
CONVICTION, ETHNICITY, RACE, COLOR, PROBATION, SENTENCE,
PAROLE, TYPE OF DRUGS AND SO FORTH FOR THE YEARS 1994
AND 1995

USP POLLOCK
P.O. BOX 2099
POLLOCK, LA 71467

DEAR TOMMIE ANDERSON:

    The Drug Enforcement Administration (DEA) has received your Freedom of
Information/Privacy Act (FOI/PA) request and placed it on a list of requests awaiting
processing. In order to expedite all requests that require retrieval, processing and duplication
of documents, your request will be handled in chronological order based on the date of this
letter.

    Your request has been assigned the above number. Please include this number in any
future correspondence to this office regarding this request.

    This letter confirms your obligation that by filing your request, you have implicitly
agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you
seek a waiver of fees (28 C.F.R. 16.3 (c)).

    Please be assured that your request is being handled as equitably as possible. Upon
completion of the processing, you will be notified of all applicable fees, and payment will be
required prior to release of any records. If there are not fees associated with the processing of
your request, all documents that can be released will be made available to you at the earliest
possible date.

                    Sincerely,

                    *Katherine A. Myrick*

EXHIBIT  10

Tommie Anderson
Reg. 24492-034
United States Penitentiary
Post Office Box 2099
Pollock, Louisiana 71467-2099

To;                                                      June 10, 2004

UNITED STATES DEPARTMENT JUSTICE

DRUG   ENFORCEMENT ADMINISTRATION

WASHINGTON, D.C. 20537

In  Re:  Request  No.  04-1286-F  and  many  other  requests  and
inquiries,  such as 03-1775-F, etc, etc,,,,

Dear Ms katherine Mysick,

     My  inquiries  into  my  original  request  for  the  statistical
information  has  been  continually  denied  indirectly  by  starting
the  process  of  my  FOIA  all  over  again  with  a  new  number.

     Therefore  I  am  requesting  a  copy  of  all  inquiries  to  your
office  and  responses  from  those  inquiries  regarding  statistical
requests  for  information.

     In  the  alternative,  please  send  the  address  to  the
administrative  appeal  process  office.


     Thank  you  for  your  assistance  and  immediate  attention  to
this  matter.


                                        As  All  Ways
                                        Respectfully  Submitted

                                        Tommie Anderson

# EXHIBIT  11



**U.S. Department of Justice**

**Drug Enforcement Administration**

JUN 3 0 2004

---

*Washington, D.C. 20537*

Request Number:    04-1286-F

Subject of Request:    **STATISTICAL INFORMATION REGARDING THE NEW ORLEANS'
DIVISION OFFICE CONCERNING CONTROLLED SUBSTANCES; THE
ARREST, CONVICTION, ETHNICITY, RACE, COLOR, PROBATION,
SENTENCE, PAROLE, TYPE OF DRUGS FOR THE YEARS 1994 AND 1995.**

USP POLLOCK
P.O. BOX 2099
POLLOCK, LA 71467

DEAR TOMMIE ANDERSON:

Your Freedom of Information/Privacy Act (FOI/PA) request seeking information from the Drug
Enforcement Administration (DEA) has been processed. The paragraphs checked below apply:

[ ] A determination has been made to deny your request pursuant to subsections of the Privacy Act and/or
Freedom of Information Act referenced at the end of this letter. The exemption number(s) indicated by a
mark appearing in the block to the left of the subsection cited constitutes the authority for withholding the
deleted material. An attachment to this letter explains these exemptions in more detail.

[ ] The processing of your request identified certain materials that will be released to you. Portions not
released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552, and/or the Privacy
Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for
withholding the deleted material, which is indicated by a mark appearing in the block next to the
exemption. An additional enclosure with this letter explains these exemptions in more detail.

[X] The documents are being forwarded to you with this letter.

[ ] The rules and regulations of the Drug Enforcement Administration applicable to Freedom of Information
Act requests are contained in the Code of Federal Regulations, Title 28, Part 16, as amended. They are
published in the Federal Register and are available for inspection by members of the public.

[ ] Certain DEA documents contained information furnished by another government agency. DEA is in the
process of consulting with that agency before granting access to the documents in accordance with 28
C.F.R 16.4 and/or 16.42. You will be notified if more material is available for release pending results from
that consultation.

[ ] Certain DEA files contain information that was furnished by another government agency or agencies.
That information and a copy of your request have been referred for a decision as to access and the agency
or agencies involved will respond directly to you in accordance with 28 C.F.R 16.4 and/or 16.42.

[  ] If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9.  The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

> Co-Director
> Office of Information and Privacy
> FLAG Building, Suite 570
> Washington, D.C. 20530

**NOTE: The Office of Operations Management is a division of the DEA.**

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section
Drug Enforcement Administration
Washington, D.C. 20537

Number of Pages Withheld:                    _____

Number of Pages Released:                    _____11_____

Number of Pages Referred to another agency:       _____

**APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:**

| Freedom of Information Act 5 U.S.C. 552 | | | Privacy Act 5 U.S.C. 552a | |
|---|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(5) | [  ] (b)(7)(C) | [  ] (d)(5) | [  ] (k)(2) |
| [  ] (b)(2) | [  ] (b)(6) | [  ] (b)(7)(D) | [  ] (j)(2) | [  ] (k)(5) |
| [  ] (b)(3) | [  ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] (k)(1) | [  ] (k)(6) |
| [  ] (b)(4) | [  ] (b)(7)(B) | [  ] (b)(7)(F) | | |

## FREEDOM OF INFORMATION ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2)  Materials related solely to the internal rules and practices of DEA.

(b)(3)  Information specifically exempted from disclosure by another federal statute.

(b)(4)  Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5)  Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6)  Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7)  Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

## PRIVACY ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2)  Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2)  Material compiled during civil investigations for law enforcement purposes.

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  The substance of tests used to determine individual qualifications for appointment or promotion in Federal Government Service.