EXHIBIT  12

**United States Drug Enforcement Administration**
New Orleans Field Division
Arrests and Convictions, CY1994-1995

**Table 1 - Totals**

| | Calendar Year | |
| --- | --- | --- |
| | 1994 | 1995 |
| Total Arrests | 1,345 | 1,455 |
| Total Convictions | 883 | 847 |

**Table 2 - Arrests and Convictions by Drug Category**

CY1994

| | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
| --- | --- | --- | --- | --- | --- | --- |
| Arrests | 13 | 838 | 239 | 199 | 56 | 1,345 |
| Convictions | 12 | 509 | 179 | 130 | 53 | 883 |

CY1995

| | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
| --- | --- | --- | --- | --- | --- | --- |
| Arrests | 21 | 862 | 277 | 242 | 53 | 1,455 |
| Convictions | 12 | 548 | 138 | 114 | 35 | 847 |

**Table 3 - Arrests by Race and Ethnicity**

CY1994
Race

| | White | Black | Asian | Am.Indian/AK Native | Unknown/Not Reported | Total |
| --- | --- | --- | --- | --- | --- | --- |
| Arrests | 605 | 708 | 10 | 0 | 22 | 1,345 |

Ethnicity

| | Hispanic | Non-Hisp. | Unknown/Not Reported | | Total |
| --- | --- | --- | --- | --- | --- |
| Arrests | 149 | 705 | 491 | 0 | 1,345 |

CY1995
Race

| | White | Black | Asian | Am.Indian/AK Native | Unknown/Not Reported | Total |
| --- | --- | --- | --- | --- | --- | --- |
| Arrests | 689 | 757 | 2 | 1 | 6 | 1,455 |

Ethnicity

| | Hispanic | Non-Hisp. | Unknown/Not Reported | | Total |
| --- | --- | --- | --- | --- | --- |
| Arrests | 183 | 1,183 | 89 | 0 | 1,455 |

NOTE: The "Other Drugs" category includes pseudoephedrine, depressants, GHB and analogues, hallucinogens, opiod treatment pharmaceuticals, steroids, equipment, and other non-specific drugs. Also, complete data collection on Ethnicity did not begin on this new field until 1995.
SOURCE: SMARTS DSS System, 06/04/2004.

**Table 4 - Race and Ethnicity by Drug Category for Arrests**

CY1994

| Race | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| White | 8 | 147 | 205 | 196 | 49 | 605 |
| Black | 5 | 669 | 25 | 3 | 6 | 708 |
| Asian | 0 | 9 | 0 | 0 | 1 | 10 |
| Am. Indian/AK Native | 0 | 0 | 0 | 0 | 0 | 0 |
| Unknown/Not Reported | 0 | 13 | 9 | 0 | 0 | 22 |
| TOTAL | 13 | 838 | 239 | 199 | 56 | 1,345 |

| Ethnicity | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Hispanic | 1 | 85 | 53 | 8 | 2 | 149 |
| Non-Hispanic | 6 | 440 | 84 | 132 | 43 | 705 |
| Unknown/Not Reported | 6 | 313 | 102 | 59 | 11 | 491 |
| TOTAL | 13 | 838 | 239 | 199 | 56 | 1,345 |

CY1995

| Race | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| White | 13 | 147 | 254 | 240 | 35 | 689 |
| Black | 8 | 713 | 19 | 1 | 16 | 757 |
| Asian | 0 | 0 | 0 | 0 | 2 | 2 |
| Am. Indian/AK Native | 0 | 0 | 0 | 1 | 0 | 1 |
| Unknown/Not Reported | 0 | 2 | 4 | 0 | 0 | 6 |
| TOTAL | 21 | 862 | 277 | 242 | 53 | 1,455 |

| Ethnicity | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Hispanic | 1 | 108 | 70 | 3 | 1 | 183 |
| Non-Hispanic | 13 | 695 | 193 | 236 | 46 | 1,183 |
| Unknown/Not Reported | 7 | 59 | 14 | 3 | 6 | 89 |
| TOTAL | 21 | 862 | 277 | 242 | 53 | 1,455 |

NOTE: The "Other Drugs" category includes pseudoephedrine, depressants, GHB and analogues, hallucinogens, opiod treatment pharmaceuticals, steroids, equipment, and other non-specific drugs.  Also, complete data collection on Ethnicity did not begin on this new field until 1995.
SOURCE: SMARTS DSS System, 06/04/2004.

**Table 5 - Convictions by Race and Ethnicity**

CY1994

| Race | White | Black | Asian | Am.Indian/AK Native | Unknown/Not Reported | Total |
|---|---|---|---|---|---|---|
| Convictions | 406 | 450 | 3 | 0 | 24 | 883 |

| Ethnicity | Hispanic | Non-Hisp. | Unknown/Not Reported | | Total |
|---|---|---|---|---|---|
| Convictions | 31 | 111 | 741 | 0 | 883 |

CY1995

| Race | White | Black | Asian | Am.Indian/AK Native | Unknown/Not Reported | Total |
|---|---|---|---|---|---|---|
| Convictions | 367 | 465 | 8 | 0 | 7 | 847 |

| Ethnicity | Hispanic | Non-Hisp. | Unknown/Not Reported | | Total |
|---|---|---|---|---|---|
| Convictions | 89 | 552 | 206 | 0 | 847 |

**Table 6 - Race and Ethnicity by Drug Category for Convictions**

CY1994

| Race | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| White | 5 | 84 | 148 | 129 | 40 | 406 |
| Black | 5 | 416 | 16 | 1 | 12 | 450 |
| Asian | 2 | 0 | 0 | 0 | 1 | 3 |
| Am. Indian/AK Native | 0 | 0 | 0 | 0 | 0 | 0 |
| Unknown/Not Reported | 0 | 9 | 15 | 0 | 0 | 24 |
| TOTAL | 12 | 509 | 179 | 130 | 53 | 883 |

| Ethnicity | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Hispanic | 0 | 15 | 16 | 0 | 0 | 31 |
| Non-Hispanic | 0 | 56 | 24 | 20 | 11 | 111 |
| Unknown/Not Reported | 12 | 438 | 139 | 110 | 42 | 741 |
| TOTAL | 12 | 509 | 179 | 130 | 53 | 883 |

CY1995

| Race | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| White | 5 | 100 | 122 | 112 | 28 | 367 |
| Black | 7 | 437 | 12 | 2 | 7 | 465 |
| Asian | 0 | 8 | 0 | 0 | 0 | 8 |
| Am. Indian/AK Native | 0 | 0 | 0 | 0 | 0 | 0 |
| Unknown/Not Reported | 0 | 3 | 4 | 0 | 0 | 7 |
| TOTAL | 12 | 548 | 138 | 114 | 35 | 847 |

| Ethnicity | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Hispanic | 0 | 53 | 32 | 3 | 1 | 89 |
| Non-Hispanic | 4 | 355 | 75 | 91 | 27 | 552 |
| Unknown/Not Reported | 8 | 140 | 31 | 20 | 7 | 206 |
| TOTAL | 12 | 548 | 138 | 114 | 35 | 847 |

NOTE: The "Other Drugs" category includes pseudoephedrine, depressants, GHB and analogues, hallucinogens, opiod treatment pharmaceuticals, steroids, equipment, and other non-specific drugs.  Also, complete data collection on Ethnicity did not begin on this new field until 1995.
SOURCE: SMARTS DSS System, 06/04/2004.

page 3

**Table 7 - Type of Sentence by Race for Convictions**

CY1994

| White | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 4 | 73 | 111 | 93 | 25 | 306 |
| Probation | 1 | 11 | 36 | 27 | 12 | 87 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 1 | 5 | 0 | 6 |
| Suspended Sentence | 0 | 0 | 0 | 4 | 3 | 7 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 5 | 84 | 148 | 129 | 40 | 406 |

| Black | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 1 | 0 | 0 | 0 | 1 |
| Prison | 5 | 373 | 12 | 1 | 9 | 400 |
| Probation | 0 | 39 | 4 | 0 | 3 | 46 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 1 | 0 | 0 | 0 | 1 |
| Suspended Sentence | 0 | 1 | 0 | 0 | 0 | 1 |
| Post-Conviction Fugitive | 0 | 1 | 0 | 0 | 0 | 1 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 5 | 416 | 16 | 1 | 12 | 450 |

| Asian | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 2 | 0 | 0 | 0 | 1 | 3 |
| Probation | 0 | 0 | 0 | 0 | 0 | 0 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 0 | 0 | 0 | 0 |
| Suspended Sentence | 0 | 0 | 0 | 0 | 0 | 0 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 2 | 0 | 0 | 0 | 1 | 3 |

NOTE: The "Other Drugs" category includes pseudoephedrine, depressants, GHB and analogues, hallucinogens, opiod treatment pharmaceuticals, steroids, equipment, and other non-specific drugs.  Also, complete data collection on Ethnicity did not begin on this new field until 1995.
SOURCE: SMARTS DSS System, 06/04/2004.

| Am. Indian/AK Native | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 0 | 0 | 0 | 0 | 0 | 0 |
| Probation | 0 | 0 | 0 | 0 | 0 | 0 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 0 | 0 | 0 | 0 |
| Suspended Sentence | 0 | 0 | 0 | 0 | 0 | 0 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 0 | 0 | 0 | 0 | 0 | 0 |

| Unknown/Not Reported | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 0 | 9 | 15 | 0 | 0 | 24 |
| Probation | 0 | 0 | 0 | 0 | 0 | 0 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 0 | 0 | 0 | 0 |
| Suspended Sentence | 0 | 0 | 0 | 0 | 0 | 0 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 0 | 9 | 15 | 0 | 0 | 24 |

| TOTAL | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 1 | 0 | 0 | 0 | 1 |
| Prison | 11 | 455 | 138 | 94 | 35 | 733 |
| Probation | 1 | 50 | 40 | 27 | 15 | 133 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 1 | 1 | 5 | 0 | 7 |
| Suspended Sentence | 0 | 1 | 0 | 4 | 3 | 8 |
| Post-Conviction Fugitive | 0 | 1 | 0 | 0 | 0 | 1 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 12 | 509 | 179 | 130 | 53 | 883 |

NOTE: The "Other Drugs" category includes pseudoephedrine, depressants, GHB and analogues, hallucinogens, opiod treatment pharmaceuticals, steroids, equipment, and other non-specific drugs.  Also, complete data collection on Ethnicity did not begin on this new field until 1995.
SOURCE: SMARTS DSS System, 06/04/2004.

**Table 8 - Type of Sentence by Ethnicity for Convictions**

CY1994

| Hispanic | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 0 | 14 | 16 | 0 | 0 | 30 |
| Probation | 0 | 1 | 0 | 0 | 0 | 1 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 0 | 0 | 0 | 0 |
| Suspended Sentence | 0 | 0 | 0 | 0 | 0 | 0 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 0 | 15 | 16 | 0 | 0 | 31 |

| Non-Hispanic | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 0 | 48 | 13 | 12 | 5 | 78 |
| Probation | 0 | 8 | 11 | 7 | 5 | 31 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 0 | 1 | 0 | 1 |
| Suspended Sentence | 0 | 0 | 0 | 0 | 1 | 1 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 0 | 56 | 24 | 20 | 11 | 111 |

| Unknown/Not Reported | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 1 | 0 | 0 | 0 | 1 |
| Prison | 11 | 393 | 109 | 82 | 30 | 625 |
| Probation | 1 | 41 | 29 | 20 | 10 | 101 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 1 | 1 | 4 | 0 | 6 |
| Suspended Sentence | 0 | 1 | 0 | 4 | 2 | 7 |
| Post-Conviction Fugitive | 0 | 1 | 0 | 0 | 0 | 1 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 12 | 438 | 139 | 110 | 42 | 741 |

NOTE: The "Other Drugs" category includes pseudoephedrine, depressants, GHB and analogues, hallucinogens, opiod treatment pharmaceuticals, steroids, equipment, and other non-specific drugs.  Also, complete data collection on Ethnicity did not begin on this new field until 1995.
SOURCE: SMARTS DSS System, 06/04/2004.

**Table 9 - Type of Sentence by Race for Convictions**

CY1995

| White | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 4 | 87 | 101 | 85 | 18 | 295 |
| Probation | 0 | 13 | 19 | 24 | 7 | 63 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 2 | 1 | 1 | 4 |
| Suspended Sentence | 1 | 0 | 0 | 2 | 1 | 4 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 1 | 1 |
| TOTAL | 5 | 100 | 122 | 112 | 28 | 367 |

| Black | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 6 | 407 | 10 | 2 | 7 | 432 |
| Probation | 1 | 27 | 1 | 0 | 0 | 29 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 2 | 1 | 0 | 0 | 3 |
| Suspended Sentence | 0 | 1 | 0 | 0 | 0 | 1 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 7 | 437 | 12 | 2 | 7 | 465 |

| Asian | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 0 | 6 | 0 | 0 | 0 | 6 |
| Probation | 0 | 2 | 0 | 0 | 0 | 2 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 0 | 0 | 0 | 0 |
| Suspended Sentence | 0 | 0 | 0 | 0 | 0 | 0 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 0 | 8 | 0 | 0 | 0 | 8 |

NOTE: The "Other Drugs" category includes pseudoephedrine, depressants, GHB and analogues, hallucinogens, opiod treatment pharmaceuticals, steroids, equipment, and other non-specific drugs.  Also, complete data collection on Ethnicity did not begin on this new field until 1995.
SOURCE: SMARTS DSS System, 06/04/2004.

| Am. Indian/AK Native | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 0 | 0 | 0 | 0 | 0 | 0 |
| Probation | 0 | 0 | 0 | 0 | 0 | 0 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 0 | 0 | 0 | 0 |
| Suspended Sentence | 0 | 0 | 0 | 0 | 0 | 0 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 0 | 0 | 0 | 0 | 0 | 0 |

| Unknown/Not Reported | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 0 | 3 | 3 | 0 | 0 | 6 |
| Probation | 0 | 0 | 1 | 0 | 0 | 1 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 0 | 0 | 0 | 0 |
| Suspended Sentence | 0 | 0 | 0 | 0 | 0 | 0 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 0 | 3 | 4 | 0 | 0 | 7 |

| TOTAL | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 10 | 503 | 114 | 87 | 25 | 739 |
| Probation | 1 | 42 | 21 | 24 | 7 | 95 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 2 | 3 | 1 | 1 | 7 |
| Suspended Sentence | 1 | 1 | 0 | 2 | 1 | 5 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 1 | 1 |
| TOTAL | 12 | 548 | 138 | 114 | 35 | 847 |

NOTE: The "Other Drugs" category includes pseudoephedrine, depressants, GHB and analogues, hallucinogens, opiod treatment pharmaceuticals, steroids, equipment, and other non-specific drugs.  Also, complete data collection on Ethnicity did not begin on this new field until 1995.
SOURCE: SMARTS DSS System, 06/04/2004.

**Table 10 - Type of Sentence by Ethnicity for Convictions**

CY1995

| Hispanic | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 0 | 47 | 31 | 3 | 1 | 82 |
| Probation | 0 | 6 | 0 | 0 | 0 | 6 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 1 | 0 | 0 | 1 |
| Fine | 0 | 0 | 0 | 0 | 0 | 0 |
| Suspended Sentence | 0 | 0 | 0 | 0 | 0 | 0 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 0 | 53 | 32 | 3 | 1 | 89 |

| Non-Hispanic | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 3 | 327 | 58 | 66 | 17 | 471 |
| Probation | 0 | 28 | 16 | 23 | 7 | 74 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 0 | 1 | 1 | 1 | 3 |
| Suspended Sentence | 1 | 0 | 0 | 1 | 1 | 3 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 1 | 1 |
| TOTAL | 4 | 355 | 75 | 91 | 27 | 552 |

| Unknown/Not Reported | Heroin | Cocaine | Cannabis | Methamphetamine | Other Drugs | Total |
|---|---|---|---|---|---|---|
| Special Parole | 0 | 0 | 0 | 0 | 0 | 0 |
| Prison | 7 | 129 | 25 | 18 | 7 | 186 |
| Probation | 1 | 8 | 5 | 1 | 0 | 15 |
| YCA | 0 | 0 | 0 | 0 | 0 | 0 |
| NARA Addict Rehab | 0 | 0 | 0 | 0 | 0 | 0 |
| Fine | 0 | 2 | 1 | 0 | 0 | 3 |
| Suspended Sentence | 0 | 1 | 0 | 1 | 0 | 2 |
| Post-Conviction Fugitive | 0 | 0 | 0 | 0 | 0 | 0 |
| Convicted, Sentence Unknown | 0 | 0 | 0 | 0 | 0 | 0 |
| TOTAL | 8 | 140 | 31 | 20 | 7 | 206 |

Arrests and dispositions for the same time period do not necessarily refer to the same
individuals due to the time between an arrest and subsequent disposition.

NOTE: The "Other Drugs" category includes pseudoephedrine, depressants, GHB and analogues, hallucinogens, opiod treatment pharmaceuticals, steroids, equipment,
and other non-specific drugs.  Also, complete data collection on Ethnicity did not begin on this new field until 1995.
SOURCE: SMARTS DSS System, 06/04/2004.

page 9

EXHIBIT  13

Tommie Anderson
Reg. 24492-034
United States Penitentiary
Post Office Box 2099
Pollock, Louisiana 71467-2099


To;                                                          JUNE 1%, 2004


OFFICE OF OPERATIONS AND MANAGEMENT                In Re:  FOIA
COORDINATOR AND ADMINISTERS  OF THE
DRUG ENFORCEMENT ADMINISTRATION (DEA)
STATE AND LOCAL TASDK FORECE PROGRAM
DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON, D.C. 20537


Dear Operations management

        To my understanding, your office coordinates and administers

the Drug Enforcement Administration's (DEA) State and Local Task

Force Program under Title 21 State and Local Deputilization's and

Cross  Designation  (other  federal)  request;  and  serves  the

repository for DEA's Standard State and Local Task Force Agreement.

If this is true, I am requesting the following information from

your office concerning the New Orleans Division Local Task Force

Agreement between the DEA and Tangipahoa Parish Sheriffs' Office

(TPSO).

        This agreement was signed by J. Edward Layrisson, Sheriff of

Tangipahoa Parish on September 14, 1994 and by George J.

Cazenabette, acting Special agent in Charge on September 16, 2004.

This  agreement  is  titled  "STANDARD  STATE  &  LOCAL  TASK

FORCE AGREEMENT"

        For the term of the of the agreement, I am requesting

accountability  information  regarding  cost  attributed  to

theoperation of this task force's accomplishments and failures.

**First,** I would like an explanation or the reasoning behind having the Sheriff and DEA's administrator sign an agreement to work together in regards to the Standard State and Task Force Agreement.

**Secondly,** whether such an agreement is binding on the parties to the agreement and those peoples affected by the agreement once it has been violated by one or the other parties or one of their representatives (agents)?

**Thirdly,** Whether or not this agency approved such an agreement between the parties in question herein stated, which was signed on the dates (9-16-94 and 9-14-94) by the beforementioned parties?

In regards to the Standard State & Local Task Force Agreement between the Sheriff of Tangipahoa Parish and the DEA signed September 14 and 16, 1994 i am requesting all and any information which was collected regarding the action of these agents and administrators as it pertains to arrests, charges, referals from state to federal or federal to state of all suspected drug dealers investigated by the DEA or the Sheriff of Tangipahoa Parish Sheriff department utilizing the agreement and the equipment, monies or other material funished by and or for the Task Force and its' agents under the **Standard State & Local Task Force Agreement.**

**I am Requesting,** each agents work record as to suspects investigated and charged while this agent worked under the aforesaid agreement. Whether the suspect was charged in federal or state court, what was the nationality of the suspect, race, color, ethnicity and the amount of funds spent on each investigation?

The information I am requesting is public information to understand how the government work an how tax dollars are spent and

whether or not such programs operates according to the laws of the United States of North America, the constitution of the United States and the State of Louisiana under which the operation took place with the Parish therein being a party to the DEA's contract and Agreement.

I am also requesting the where abouts of Special agent **(DEA)** in Charge, George J. Cazenabette. This agent is party to the Agreement under which the DEA/TPSO operated, and I would like to know his understanding of the agreement he signed for such operation. Therefore I would very much appreciate an address under which he works as a federal officer or an address where he would be sure to get his mail and requests from me concerning said agreement he signed September 16, 1994. the **Standard State & Local Task Force Agreement.** along with Sheriff J. Edward Layrisson on the above dates for the cooperation of the New Orleans, Luisiana's DEA and Sheriff department of Tangipahoa Parish.

I am requesting the statistics from this multi-divisional task force whom operated under the agreement herein in question. The Statistics includes the actions of the Federal/Local Task Force for the term of the agreement herein herein in question;

1. Statistics for/of arrested persons for controlled substances:
   a. filed in federal courts, complaint,
   b. filed in state courts, charges.
   c. not charged in either court,
   d. released on bail,
   e. tried in federal court,
   f. tried in state court,
   g. conviction obtained in both federal and state,
   h. pleaded guilty, found guilty or other determinations,
   I. color, race, ethnicity, age, 1st, 2d, 3d conviction, of each suspect investigated, arrested and convicted.
   j. indictment had by a federal grand jury,
   k. indictment had by a state grand jury,

l. the sentence each defendant received in federal court,
m. the sentence each defendant received in state court,
n. ,, and,, whether the arrest was made by federal agents, state agents, others or a comibination of state and federal, whom operated under the agreement herein mentioned.
o. the statistics on paroled or probation in the federal courts and state court as it pertains to cases filed in state court by agents, state or federal, working under the above  mentioned agreement.

2.    Whether the State Attorney General or the United States Attorney general approved or was a party to the approval of the **Standard State & Local Task Force Agreement**? if so, a copy of such agreement, records, verification or approval is herein requested.  as well as;

a. a copy of the criteria required by state or federal government (DEA/Sheriff) to remove suspects from state to federal custody or federal to state custody for the purpose of charging a federal or state crime.
b. the  purpose  for the agreement between the two agencies.
c. is the agreement binding on the agents operating under it? if so,
d.  what is the punishment for agents violating such Agreement?

c. Does suspects have any rights when agents violate such agreements, when, if the suspects is found guilty of a federal  offense  he/she  would  receive  a  harsher sentence? or such act is not prosecutable in state court where the agreement dictates such crimes should by filed?

This request is not limited to the questions, inquiries and requests  herein,  therefore  any  information  that  may  cause understanding of the **Standard State & Local Task Force agreement** and how it operates would be  very much appreciated and welcomed.

An understanding as to funds used to usurp sovereignties, man powers, and the public trust to capture, for forced labor, minorities for prison industries without the due process of laws. This forced system of laborers contains a majority of minorities in the federal correctional system, when such minorities only represent approximately 15% of of the over all population. Justice

are required by all parties processing and recording the laws of the United States of America, such recordation should be attached to any agency or organization that supported by taxes of the American People.

Therefore, such records requested here is not only should be granted, but it is against the laws of the federal government not to grand such requests, and the withholder can be prosecuted both civilly and criminally under the statutes governing the **Freedom of Information Act.** Title 5.

Respectfully Submitted

Tommie Anderson 6/14/04

EXHIBIT  14



**U.S. Department of Justice**

Drug Enforcement Administration

---

July 19, 2004

Request Number:    04-1490-F

Subject of Request:    NEW ORLEANS DIVISION LOCAL TASK FORCE AGREEMENT
BETWEEN THE DEA AND TANGIPAHOA PARISH SHERIFFS' OFFICE
(TPSO) SIGNED BY SHERIFF J. EDWARD LAYRISSON ON
SEPTEMBER 14, 1994 AND ACTING SAC GEORGE J. CAZENABETTE
ON SEPTEMBER 16, 2004 (STANDARD STATE & LOCAL TASK FORCE
AGREEMENT)

UNITED STATES PENITENTIARY
P.O. BOX 2099
POLLOCK, LA  71467

DEAR TOMMIE ANDERSON:

The Drug Enforcement Administration (DEA) has received your Freedom of
Information/Privacy Act (FOI/PA) request and placed it on a list of requests awaiting
processing.  In order to expedite all requests that require retrieval, processing and duplication
of documents, your request will be handled in chronological order based on the date of this
letter.

Your request has been assigned the above number.  Please include this number in any
future correspondence to this office regarding this request.

This letter confirms your obligation that by filing your request, you have implicitly
agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you
seek a waiver of fees (28 C.F.R. 16.3 (c)).

Please be assured that your request is being handled as equitably as possible.  Upon
completion of the processing, you will be notified of all applicable fees, and payment will be
required prior to release of any records. If there are not fees associated with the processing of
your request, all documents that can be released will be made available to you at the earliest
possible date.

Sincerel



**U. S. Department of Justice**

Drug Enforcement Administration

Freedom of Information Section
Washington, D.C. 20537

---

*www.dea.gov*                          July 23, 2004

Tommie Anderson
Reg. No. 24492-034
USP Pollack
P.O. Box 2099
Pollock, LA 71467

Request No.:      04-1490-F

Subject of Request:    Local Task Force Agreement between the Tangipahoa Parrish Sheriff's Office
and the DEA New Orleans Field Division

Dear Tommie Anderson:

This is in response to your recent correspondence dated June 14, 2004, to the Drug Enforcement
Administration (DEA) seeking information on the above subject under the Freedom of Information
Act (FOIA).

Our preliminary review of your request, as well as the tentative search for responsive documents,
deem it necessary for you to provide this office with a statement which expresses your intent to
satisfy all fees incurred while processing your request, as your request does not qualify for a waiver
of fees. Please note, you will be afforded two (2) hours of search and 100 pages of duplication at no
charge; however, you will be responsible for all other fees incurred beyond the above threshold.

To this end, until the above requirement is satisfied, no further action will be initiated on this
request. Mail your response to the following address.

> Drug Enforcement Administration
> Freedom of Information Section
> Washington, D.C. 20537

Sincerely,

*Katherine L. Myrick*

Katherine L. Myrick, Chief
Freedom of Information Section

# EXHIBIT  15

Tommie Anderson
Reg. 24492-034
United States Penitentiary
Post Office Box 2099
Pollock, Louisiana 71467-2099

To:                                                      July 3, 2004

U.S. Department of Justice
Drug Enforcement Administration
Freedom of Information Section
Washington, D.C. 20537

In Re: Forma Pauperis for case(s) No: 04-1490-F and 04-1491-F

Dear: Dear Ms. Katherine Myrick,

    I have received a communication from your office (          )
requesting that I send verification of my willingness to pay or
other insurance of future payment or the ability to pay.

    My understanding was that your letter of July 19, 2004 made
it clear the confirmation of my obligations in this matter, that
I had implicityly agreed to pay all applicable fees charged under
28 C.F.R. 16.11, Up to $25.00, unless I seek a waiver of fees (28
F.F.R. 16.3). Under the present circumstances, you will fine
attached to this communication a forma Pauperis and financial
report of my prison account.

    If this is not sufficient, I am willing to pay what ever the
cost from my prison trust funds account. Though I hope only a
portion, because I do have minor children and a wife whom I call
telephonically to maintain family ties, family shares phone cost.

    Phone calls are 23¢ per 15 Minutes, with 300 minutes per
month. If all the minutes or used, which generally are, it cost
approximately $69. Then there is my prison necessities also that
should be taken into consideration.

To be clear, I am willing to pay a percentage of my monthly wages to help clear any debt that may incur from the information search and reproduction of the FOIA material requested.

I am sending two copies of the same forma pauperis completed forms for both case numbers 04-1490 and 04-1491, as well as duplicate financial reports for the past few months. I hope they are acceptable and rendered.

If there is any farther requests which would expedite matters in these cases, please do not hesitate to contact me at the above address.

                                   **Yours Truly**
                        And Respectfully Submitted

                        **Tommie Anderson**

**Tommie Anderson**
_____
(Petitioner)

**U.S. Department of Justice/DEA/FI-Sec.**
_____
(Respondent[s])

DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS

I, **Tommie Anderson**_____ , declare that I am the movant in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes_**X**_____    No_____

    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

        **My Salary is 45 Dollars  to 55 Dollars a Month. BOP/USP Beaumont, La.**

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.

        _____    _____

2.  Have you received, within the past twelve months, any money from any of the following sources?

    a.  Business, profession or form of self-employment?  Yes____  No _**X**____
    b.  Rent payments, interest or dividends?  Yes____  No _**X**__
    c.  Pensions, annuities or life insurance payments?  Yes____  No_**X**__
    d.  Gifts or inheritances?  Yes____  No_**X**__
    e.  Any other sources?  Yes____  No_**X**__

    If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months.

    _____

3.  Do you own any cash, or do you have money in a checking or savings account?  Yes____  No_**X**__  (Include any funds in prison accounts)

    If the answer is yes, state the total value of the items owned.

    _____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  Yes_**X**__  No___

    If the answer is yes, describe the property and state its approximate value.  **$65,000**_____

    **12515 Old Baton Rouge High Way.  Family Property which belongs to Edna Crain Anderson, and her children, though the property is in my name.  My wife and children and several brothers love thereon.**

Civ. - 67 (01/83)

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. none

**My life and four children (minor) I can not, at this time, contribute towards their support.**

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on **August 3, 2004**

(Date)

Signature of Movant

**Tommie Anderson**

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $ _43.94_ on account to his credit at the _USP Pollock_ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution:

None

Authorized Officer of Institution

Correctional Counselor

Title of Officer

-8-

Civ. - 67 (01/83)

## All Transactions

⌐🖨 PRINT¬

| Inmate Reg #: | 24492034 | Current Institution: | Pollock USP |
| Inmate Name: | ANDERSON, TOMMIE | Housing Unit: | A |
| Report Date: | 08/03/2004 | Living Quarters: | A02-2571 |
| Report Time: | 3:22:19 PM | | |

| Date/Time | User Id | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|---|
| 8/2/2004 10:22:52 PM | AMService | ITS Withdrawal | ($3.00) | ITS0802 | | $43.94 |
| 8/2/2004 11:57:49 AM | POL2593 | Payroll - IPP | $43.93 | JV0150 | | $46.94 |
| 8/1/2004 9:02:22 AM | AMService | ITS Withdrawal | ($1.00) | ITS0801 | | $3.01 |
| 7/30/2004 8:06:22 PM | AMService | ITS Withdrawal | ($1.00) | ITS0730 | | $4.01 |
| 7/29/2004 8:37:32 PM | AMService | ITS Withdrawal | ($1.00) | ITS0729 | | $5.01 |
| 7/27/2004 7:38:42 PM | AMService | ITS Withdrawal | ($2.00) | ITS0727 | | $6.01 |
| 7/26/2004 10:26:04 PM | AMService | ITS Withdrawal | ($2.00) | ITS0726 | | $8.01 |
| 7/25/2004 9:58:18 PM | AMService | ITS Withdrawal | ($3.00) | ITS0725 | | $10.01 |
| 7/25/2004 8:42:58 PM | AMService | ITS Withdrawal | ($3.00) | ITS0725 | | $13.01 |
| 7/23/2004 6:12:02 PM | AMService | ITS Withdrawal | ($5.00) | ITS0723 | | $16.01 |
| 7/22/2004 10:46:22 PM | AMService | ITS Withdrawal | ($2.00) | ITS0722 | | $21.01 |
| 7/22/2004 2:03:00 PM | POL1941 | Local Collections | $20.00 | 19099 | | $23.01 |
| 7/19/2004 11:00:17 PM | AMService | ITS Withdrawal | ($1.00) | ITS0719 | | $3.01 |
| 7/19/2004 8:35:04 PM | AMService | ITS Withdrawal | ($2.00) | ITS0719 | | $4.01 |
| 7/18/2004 10:50:06 PM | AMService | ITS Withdrawal | ($2.00) | ITS0718 | | $6.01 |
| 7/18/2004 12:00:05 PM | AMService | ITS Withdrawal | ($2.00) | ITS0718 | | $8.01 |
| 7/17/2004 11:08:10 PM | AMService | ITS Withdrawal | ($5.00) | ITS0717 | | $10.01 |
| 7/16/2004 5:26:30 PM | AMService | ITS Withdrawal | ($5.00) | ITS0716 | | $15.01 |
| 7/16/2004 5:11:20 PM | AMService | ITS Withdrawal | ($3.00) | ITS0716 | | $20.01 |
| 7/15/2004 7:49:29 PM | AMService | ITS Withdrawal | ($2.00) | ITS0715 | | $23.01 |
| 7/15/2004 5:05:46 PM | AMService | ITS Withdrawal | ($2.00) | ITS0715 | | $25.01 |
| 7/14/2004 6:32:28 PM | POL5580 | Sales | ($27.25) | 175 | | $27.01 |
| 7/12/2004 8:39:07 PM | AMService | ITS Withdrawal | ($1.00) | ITS0712 | | $54.26 |
| 7/11/2004 8:17:17 AM | AMService | ITS Withdrawal | ($10.00) | ITS0711 | | $55.26 |
| 7/9/2004 6:47:48 PM | AMService | ITS Withdrawal | ($5.00) | ITS0709 | | $65.26 |
| 7/7/2004 6:35:00 PM | AMService | ITS Withdrawal | ($4.00) | ITS0707 | | $70.26 |
| 7/2/2004 8:34:37 AM | POL1941 | Payroll - IPP | $69.60 | JV0142 | | $74.26 |
| 6/29/2004 7:45:20 PM | AMService | ITS Withdrawal | ($2.00) | ITS0629 | | $4.66 |
| 6/29/2004 6:14:40 PM | POL5412 | Sales | ($14.00) | 65 | | $6.66 |
| 6/28/2004 7:30:13 PM | AMService | ITS Withdrawal | ($2.00) | ITS0628 | | $20.66 |
| 6/28/2004 2:28:05 PM | POL2593 | Local Collections | $20.00 | 17625 | | $22.66 |
| 6/27/2004 10:57:17 PM | AMService | ITS Withdrawal | ($1.00) | ITS0627 | | $2.66 |
| 6/27/2004 7:52:21 PM | AMService | ITS Withdrawal | ($1.00) | ITS0627 | | $3.66 |
| 6/25/2004 8:04:27 PM | AMService | ITS Withdrawal | ($4.00) | ITS0625 | | $4.66 |
| 6/25/2004 4:54:04 PM | AMService | ITS Withdrawal | ($2.00) | ITS0625 | | $8.66 |
| 6/25/2004 2:34:40 PM | POL2593 | Local Collections | $10.00 | 17486 | | $10.66 |
| 6/23/2004 10:48:22 PM | AMService | ITS Withdrawal | ($1.00) | ITS0623 | | $0.66 |
| 6/21/2004 10:56:36 PM | AMService | ITS Withdrawal | ($1.00) | ITS0621 | | $1.66 |
| 6/17/2004 10:59:15 PM | AMService | ITS Withdrawal | ($3.00) | ITS0617 | | $2.66 |
| 6/16/2004 4:47:15 PM | AMService | ITS Withdrawal | ($2.00) | ITS0616 | | $5.66 |
| 6/15/2004 6:20:29 PM | POL5412 | Sales | ($16.15) | 55 | | $7.66 |
| 6/13/2004 11:20:10 AM | AMService | ITS Withdrawal | ($2.00) | ITS0613 | | $23.81 |
| 6/12/2004 3:31:54 PM | AMService | ITS Withdrawal | ($3.00) | ITS0612 | | $25.81 |
| 6/11/2004 8:26:07 PM | AMService | ITS Withdrawal | ($1.00) | ITS0611 | | $28.81 |
| 6/9/2004 10:29:49 PM | AMService | ITS Withdrawal | ($1.00) | ITS0609 | | $29.81 |
| 6/6/2004 5:34:15 PM | AMService | ITS Withdrawal | ($8.00) | ITS0606 | | $30.81 |
| 6/5/2004 11:13:44 PM | AMService | ITS Withdrawal | ($4.00) | ITS0605 | | $38.81 |
| 6/5/2004 9:37:27 AM | AMService | ITS Withdrawal | ($3.00) | ITS0605 | | $42.81 |
| 6/4/2004 4:52:17 PM | AMService | ITS Withdrawal | ($5.00) | ITS0604 | | $45.81 |
| 6/2/2004 4:34:56 PM | AMService | ITS Withdrawal | ($2.00) | ITS0602 | | $50.81 |

1 2 3 4 5

# Inmate Inquiry

🖶 **PRINT**

| | | | |
|---|---|---|---|
| Inmate Reg #: | 24492034 | Current Institution: | Pollock USP |
| Inmate Name: | ANDERSON, TOMMIE | Housing Unit: | A |
| Report Date: | 08/03/2004 | Living Quarters: | A02-257L |
| Report Time: | 3:22:49 PM | | |

General Information    |    Account Balances    |    Commissary History    |    Commissary Restrictions    |    Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 1530 |
| FRP Participation Status: | Completed |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 1/23/2002 |
| Local Account Activation Date: | 7/1/1991 |
| | |
| Sort Codes: | |
| Last Account Update: | 8/2/2004 10:22:52 PM |
| Account Status: | Active |
| ITS Balance: | $1.55 |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

## Account Balances

| | |
|---|---|
| Account Balance: | $43.94 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $43.94 |
| National 6 Months Deposits: | $596.03 |
| National 6 Months Withdrawals: | $597.80 |
| National 6 Months Avg Daily Balance: | $19.14 |
| Local Max. Balance - Prev. 30 Days: | $74.26 |
| Average Balance - Prev. 30 Days: | $28.15 |

# Commissary History

### Purchases

Validation Period Purchases: $27.25
YTD Purchases: $427.50
Last Sales Date: 7/14/2004 6:32:28 PM

### SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

### Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Spending Limit: $275.00
Expended Spending Limit: $22.85
Remaining Spending Limit: $252.15

# Commissary Restrictions

### Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

### Item Restrictions

| List Name | List Type | Start Date | End Date | Userid | Active |
| --- | --- | --- | --- | --- | --- |

# Comments

### Comments:

EXHIBIT  16

**U. S. Department of Justice**

Drug Enforcement Administration

Freedom of Information

NOV 1 7 2004

_www.dea.gov_

Tommie Anderson #24492-034
USP Pollock
P.O. Box 2099
Pollock, LA 71467

RE: 04-1490-F

Dear Mr. Anderson:

Reference is made to your recent Freedom of Information Act (FOIA) request dated June 14, 2004, to the Drug Enforcement Administration regarding the New Orleans Division Local Task Force Agreement between the DEA and Tangipahoa Parish Sheriff's Office (TPSO).

In our previous correspondence to you in response to your undated FOIA request that was received in this office on April 27, 2004, we provided you with a copy of a standard state and local task force agreement between the DEA and the Tangipahoa Parish Sheriff's office.

You are requesting this same document and as a matter of courtesy we are providing this document to you again.

In regards to your specific questions posed to the DEA regarding statistical information, the Statistical Services Section does not collect data on specific task forces. Consequently, this office does not have information on a specific task force that operates under agreements between the sheriff of that parish and the DEA Field Division of New Orleans. The data that the Statistical Services Section collect is retrievable by state or DEA field division and not by parish.

If we can be of further assistance please feel free to contact this office.

Sincerely,

Katherine L. Myrick, Chief
Operations Unit
FOI/Records Management Section

Enclosure

104

EXHIBIT  17

1.05-0641
2.05-0642

Tommie Anderson
Reg. #24492-034
Untied States Penitentiary
Post Office Box 2099
Pollock, Louisiana 71467

To:                                          December 1, 2004

U. S. Department of Justice
Drug Enforcement Administration
Washington, D.C. 20537

In Re: Case numbers 04-1491-F, 04-1490, et al.


Dear, Chief of Operations.

I am not satisfied with your response to any of my filings of
requests to your office and agency.  Therefore I would like to
appeal your answers to my request to a higher authority and would
very much ap-preciate your cooperation in furnishing the agency
or administrator that handles such appeals or grievances, address
and your agency's appeal administrative appeals process/Rules.

In addition, I am requesting a copy of all requests filed to
your office by Tommie Anderson, Reg. #24492-034, for the past
seven years, or as recorded by your office of requests, still
held on file.  This includes any other DEA agency such as in
the eastern district of Louisiana and their subagencies?


OFFICE OF INFORMATION
AND PRIVACY

DEC 2 0 2004

                              Respectfully Submitted

                              *Tommie Anderson* (signature)

                              Tommie Anderson


3nd

EXHIBIT  18

 

**U.S. Department Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**DEC 2 8 2004**

Mr. Tommie Anderson
Register No. 24492-034
United States Penitentiary
P.O. Box 2099
Pollock, LA 71467

      Re:  Request No. 04-1491-F

Dear Mr. Anderson:

      This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration  on your request for information from the files of the Department of Justice was received by this Office on December 20, 2004.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-0641**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                    Sincerely,

                    Priscilla Jones
                    Administrative Specialist



EXHIBIT  19





**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**MAR 0 4 2005**

Mr. Tommie Anderson
Register No. 24492-034
United State Penitentiary            Re:  Appeal No. 05-0642
Post Office Box 2099                      Request No. 04-1490-F
Pollock, LA  71467                        RLH:BVE:JTR

Dear Mr. Anderson:

     You appealed from the action of the Drug Enforcement
Administration on your request for access to records concerning the
State and Local Task Force Agreement between the DEA's New Orleans
Field Division and the Tangipahoa Parish Sheriff's Office.

     After carefully considering your appeal, and as a result of
discussions between DEA personnel and a member of my staff, I have
decided to remand your request for further processing of the
responsive records.  The DEA will provide any releasable portions of
these records to you directly.  If you are dissatisfied with the
DEA's ultimate action on those records, you may appeal again to this
Office.

     If you consider my response to be a denial of your appeal, you
may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                    Sincerely,



                    Richard L. Huff
                    Co-Director

DFA

# EXHIBIT  20

Tommie Anderson
Reg. # 24492-034

To:

U.S. Department of Justice
Drug Enforcement Administration

In Re: Request # 04-1286-7

Dear Ms. Drewery

Thank you for the information, dated June 30, 2004, regarding DEA statistics of the New Orleans Field Division's arrests & convicts, cy 1994-1995.

The information is very helpful & I do seriously appreciate your time & rendetance.

Even so, I am hoping you, or your office, may be able to narrow the statistics down to Tangipahoa Parish, or, to the Standard State & Local Task Force Agreement between the Sheriff of that Parish and the DEA Field Division of New Orleans' administrator for the years in question, 1994-1995.

This information will help me to know how my tax dollars were spent & the feasability of such programs. As well as whether are not such program violates the rights of local & state citizens under the State of Louisian's administrative Rules, Regulati Laws or its constitution, if such rules or violated as stipulated by such programs language/rules of signee.

Therefore, if you could send me the same information broke down to Parishes or Particularly the Parishes of Tangipahoa, St Helena + Livington Parish if these Parishes was party to the Standard State & Local Task Force Angreement.

Your assistence will & is greatly appreciated and shall not be obliterated (forgotten).

Thank You

Respectfully Submitted

Tommie Anderson

Tommie Anderson

7-7-04

# EXHIBIT  21



**U. S. Department of Justice**

Drug Enforcement Administration

Freedom of Information Section

Washington, D.C. 20537

---

*www.dea.gov*                                     July 23, 2004

Tommie Anderson
Reg. No. 24492-034
USP Pollack
P.O. Box 2099
Pollock, LA 71467

Request No.:      04-1491-F

Subject of Request:    Statistics on Tangipahoa, St. Helen, Livingston Parrish's/State and Local Task Force Agreement between the Sheriff and the DEA New Orleans Field Division (1994-1995)

Dear Tommie Anderson:

    This is in response to your recent correspondence dated July 7, 2004, to the Drug Enforcement Administration (DEA) seeking information on the above subject under the Freedom of Information Act (FOIA).

    Our preliminary review of your request, as well as the tentative search for responsive documents, deem it necessary for you to provide this office with a statement which expresses your intent to satisfy all fees incurred while processing your request, as your request does not qualify for a waiver of fees. Please note, you will be afforded two (2) hours of search and 100 pages of duplication at no charge; however, you will be responsible for all other fees incurred beyond the above threshold.

    To this end, until the above requirement is satisfied, no further action will be initiated on this request. Mail your response to the following address.

                 Drug Enforcement Administration
                 Freedom of Information Section
                    Washington, D.C. 20537

                          Sincerely,

                          *Katherine L. Myrick*

                          Katherine L. Myrick, Chief
                          Freedom of Information Section



**U.S. Department of Justice**

Drug Enforcement Administration

---

July 19, 2004

Request Number:    04-1491-F

Subject of Request:    DEA STATISTICAL INFORMATION REGARDING THE TANGIPAHOA
PARISH/ THE STANDARD STATE AND LOCAL TASK FORCE
AGREEMENT BETWEEN THE SHERIFF OF THAT PARISH AND THE
DEA FIELD DIVISION OF NEW ORLEANS FROM 1994-1995

UNITED STATES PENITENTIARY
P.O. BOX 2099
POLLOCK, LA 71467

DEAR TOMMIE ANDERSON:

The Drug Enforcement Administration (DEA) has received your Freedom of
Information/Privacy Act (FOI/PA) request and placed it on a list of requests awaiting
processing. In order to expedite all requests that require retrieval, processing and duplication
of documents, your request will be handled in chronological order based on the date of this
letter.

Your request has been assigned the above number. Please include this number in any
future correspondence to this office regarding this request.

This letter confirms your obligation that by filing your request, you have implicitly
agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you
seek a waiver of fees (28 C.F.R. 16.3 (c)).

Please be assured that your request is being handled as equitably as possible. Upon
completion of the processing, you will be notified of all applicable fees, and payment will be
required prior to release of any records. If there are not fees associated with the processing of
your request, all documents that can be released will be made available to you at the earliest
possible date.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

---

EXHIBIT  22

**U. S. Department of Justice**

Drug Enforcement Administration

Freedom of Information

NOV 1 7 2004

_www.dea.gov_

Tommie Anderson #24492-034
USP
P.O. Box 2099
Pollock, LA 71467

RE: 04-1491-F

Dear Mr. Anderson:

Reference is made to your recent Freedom of Information Act (FOIA) request dated
July 7, 2004, to the Drug Enforcement Administration (DEA), regarding statistics on the
Tangipahoa Parish or on the standard state and local task force agreement between the sheriff of that
parish and the DEA Field Division of New Orleans from 1994-1995.

The DEA's Statistical Services Section does not have information concerning New Orleans Task
Force agreements between DEA and the Tangipahoa Parish Sheriff's Office (TPSO). The Statistical
Services Section does not maintain Task Force agreements or keep any statistical information for a
specific or particular task force.

The Statistical Services Section also does not track statistics by city, county, or parish. Statistical
information is retrievable by state or DEA field division.

Unfortunately, the Statistical Services Section can not provide "statistics from this multi-
divisional task force whom operated under the agreement herein in question" in which you
requested.

If we can be of further assistance please feel free to contact this office.

Sincerely,

Katherine L. Myrick, Chief
Operations Unit
FOI/Records Management Section

64

# EXHIBIT  23



**U.S. Department**  **Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**DEC 2 8 2004**

Mr. Tommie Anderson
Register No. 24492-034
United States Penitentiary
P.O. Box 2099
Pollock, LA 71467

      Re:  Request No. 04-1490

Dear Mr. Anderson:

      This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration on your request for information from the files of the Department of Justice was received by this Office on December 20, 2004.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-0642**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

           Sincerely,

           Priscilla Jones
           Administrative Specialist

DEA

EXHIBIT  24



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                    Washington, D.C. 20530

**FEB 0 2 2005**

Mr. Tommie Anderson
Register No. 24492-034
United States Penitentiary          Re:  Appeal Nos. 05-0641
Post Office Box 2099                     Request Nos. 04-1491-F
Pollock, LA  71467                       RLH:CHA:JTR

Dear Mr. Anderson:

     You appealed from the action of the Drug Enforcement
Administration on your request for access to records
concerning various statistics regarding the task force
agreement between the DEA and the Tangipahoa Parish Sheriff's
Office.

     After carefully considering your appeal, I have decided
to affirm the DEA's action on your request.

     The DEA informed you that it could locate no records
responsive to your request.  It has been determined that the
DEA's response is correct.

     I note that on appeal you request a record of all Freedom
of Information Act requests submitted to the DEA by yourself
in the past seven years. Because the records you request on
appeal exceed the scope of your initial request, you must
submit a new request directly to the DEA.

     If you are dissatisfied with my action on your appeal,
you may seek judicial review in accordance with 5 U.S.C.
§ 552(a)(4)(B).

                              Sincerely,


                              Richard L. Huff
                              Co-Director



# EXHIBIT  25

*Withdrawal of appeal*
→ *BAD JTR*

Mr. Tommie Anderson
Reg. 24492-034
United States Penitentiary
Post Office Box 2099
Pollock, Louisiana  71467

To:                                      February 11, 2005

U.S. Department of Justice
Office of Information and Privacy
Washington, D.C. 20530

In Re: Appeal Nos. 05-0641
        Request Nos. 04-1491-F
        RLH:CHA:JTR etc, etc, etc.

**Dear Co-Director Huff,**

What was taken for an appeal by myself to your agency, was
no more than a request for the address of your office to the information
department  handling my freedom information request.  I was requesting
the  addresss to file a proper appeal.

Had I been given an opportunity to file a proper appeal,
I would have  utilized the requested information from the DEA,
"all Freedom of Information Act requests sumiited to the DEA by
Myself in the past seven years". to show the none action of the
DEA to my previous requests for information that had not been
reponded to to this date.  That is the reason I was requesting
the information from the DEA.

I may have inadvertently mailed such a request to your office,
but I doubt it.  How  your office got the request, I am interested
to know?      --

Therefore, I am asking that your office null and viod the
appeal's said request or set it aside until I have filed such
a request with  specificities utitilizing the information requested
from the DEA.

                          Respectfully Requested

                          Tommie Anderson

# EXHIBIT  26



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

APR 1 8 2005

```
Mr. Tommie Anderson
Register No. 24492-034
United States Penitentiary        Re:  Appeal No. 05-0641
Post Office Box 2099                   Request No. 04-1491-F
Pollock, LA  71467                     RLH:JYC:JTR
```

Dear Mr. Anderson:

This responds to your letter dated February 11, 2005, in which you requested that I "null and void" my decision on your appeal from the action of the Drug Enforcement Administration on your request for access to records concerning various statistics regarding the task force agreement between the DEA and the Tangipahoa Parish Sheriff's Office.

After carefully considering this matter, I have determined that my original decision, as outlined in my letter to you of February 2, 2005, was appropriate.  Please understand that the only DEA request adjudicated in that appeal was Request No. 04-1491-F.  You may wish to file further appeals to this Office concerning other DEA requests that you have made.

If you remain dissatisfied with my action on your appeal, judicial review thereof is available to you as indicated in my letter of February 2.

Sincerely,

Richard L. Huff
Co-Director

DEA

EXHIBIT  27

# Memorandum



---

| Subject: **Freedom of Information/Privacy Act Request for Documents (FFS: 380-01)** | Date: |

---

To:                                    From:   KATHERINE L. MYRICK
                                               CHIEF, OPERATIONS UNIT
                                               FOI/RECORDS MANAGEMENT SECTION


*Request Number:*                          *Requester:*

*DEA FOI SPECIALIST:*                       *Telephone Number:*


     The Freedom of Information Section (SAR) has received the attached Freedom of Information Act request for records contained in DEA files. SAR must identify, gather and process all documents responsive to this request from DEA elements that have custody of them.

     <u>YOU ARE NOT REQUIRED TO CREATE ANY DOCUMENTS</u>. Do not summarize, list or outline information in response to this request.

     Some requests may not be clear from the letter alone. If so, SAR may restate the request on the reverse side of this memorandum. Return this memorandum <u>with any documents located</u>. Fees may be charged for certain types of requests under DOJ regulations. Accordingly, please provide on the reverse side of this memorandum, the estimated time for a search of your files to retrieve responsive documents.

     **If search time is less than two hours, provide SAR with one complete set of any relevant documents (do not include copying time). If the search time is estimated to be over two hours, do not retrieve the documents, but provide an estimate of time, and the grade and series of searcher(s), on the reverse side.**

     If there are any questions regarding this request, please contact the FOI Representative identified above. Your expeditious response to this request will enable DEA to meet statutory deadlines.

\*\*\* This request for documents has also been sent to the following DEA offices:

_____

_____

FREEDOM OF INFORMATION RESPONSE

From:

To:     FREEDOM OF INFORMATION SECTION (SAR)            Request *Number:*

*Subject of Request:*

Restated Request:  (If not restated, see attached letter)

_____

_____

_____

Note to person(s) searching for documents:  The purpose of this certification is to demonstrate, in the event of litigation, that DEA personnel made a reasonable search for the requested information.  All responsive documents must either be provided or identified, if not sent with this response.  Searchers are not responsible for review or determining releasability of the documents.  SAR will review all responsive documents, including sensitive and classified ones, consult with DEA personnel as necessary and release that information as required pursuant to the FOI/PA Acts.

### < < < < < **CERTIFICATION** > > > > >

A full search of _____ (Office Symbol(s) for requested records and/or documents under the custody and control of this office has been conducted and the results reported below are correct to the best of my knowledge.

Are requested documents attached?  Yes_____ No _____

Grade/Series of Searcher(s)  _____  _____  _____

Time spent searching (hrs/min.)_____  _____  _____

If documents are not attached, estimated time required    _____

Grade/Series of Searcher(s) _____  _____

Comments:  _____

_____

_____

Print Name_____Telephone_____

Signature_____Title_____Date_____

EXHIBIT  28

[Home] [Contents] [Search] [What's New] [Help] [Feedback]

# 100 PLANNING , MANAGEMENT, BUDGET FILES

## EMERGENCY PLANNING FILES

These files relate to the processes of planning for and providing assistance to civil authorities or agencies because of emergency conditions. The subject content relates to assistance as a result of civil unrest, violation of Federal law, natural disaster, and emergency conditions that may result from an enemy attack.

### File No. 101-01 (GRS No. 18-27)

*Emergency Planning Files.* Documents relating to emergency planning, including planning for continuity of operations, domestic disturbances, civil defense, and other emergencies requiring preconceived plans. Included are plans, instructions, changes to plans, coordinating actions, and other documents relating to emergency planning.

*Disposition:* Destroy when plans are superseded or obsolete.

### File No. 101-02 (NC1-170-77-1)

*Emergency Reporting Files.* Documents relating to emergency situations and reflecting such information as assistance provided to agencies or populations, and other participation in emergency operations. Included are initial, daily, interim, and final emergency operations, reports, and related documents.

*Disposition:* Destroy 2 years after submitting the report.

## ORGANIZATION FILES

These files relate to the establishment of organizations and functions and their relationships to each other.

### File No. 110-01 (N1-170-89-1)

*Organization Planning Files.* Documents relating to the establishment of the changes in organization, functions, and relationships of DEA activities. Included are staff studies; reports of working groups; minutes of meetings and staff conferences; documents relating to overall functions and programs; copies of organization and functions plans, manuals, and charts; copies of published directives implementing establishment or change; copies of documents relating to office staffing and personnel strength; and ceiling authorization documents. Also included are documents reflecting minor changes in the organization of the office which are made by the office chief and which do not require evaluation and approval by the Management Analysis Section or comparable office; and related documents.

*Disposition:* a. Office performing DEA-wide staff responsibility: (1) Approved record copies of charts

and statements of substantive organizational functions and programs, studies, reports, minutes of meetings and conferences: Permanent. Transfer to Federal records center when 3 years old. *Transfer* to NARA in 5 year blocks when 20 years old (e.g., *transfer 1990-94 block in 2015*). (2) Other documents: Destroy 5 years after approval of organizational structure. b. *Headquarters and field* offices: Destroy when superseded or obsolete.

*File No. 110-02 (NC1-170-77-1*

*Table of Organization Files.* Documents relating to initiating developing, preparing, reviewing, and approving tables of organization. Included are drafts; copies of published tables of organization (including machine prepared or photo-copies); coordination, review, and approval actions; and related papers.

*Disposition:* a. Office performing DEA-wide staff responsibility: Destroy 5 years after superseded or obsolete. b. Other *Headquarters and field* offices: Destroy table of organization documents when superseded or obsolete.

## OPERATION PLANNING FILES

These files relate to planning and methods to best accomplish assigned functions and programs.

*File No. 120-01 (NC1-170-77-l)*

*Operation Planning Files.* Documents relating to the preparation, coordination, and approval of operational plans which are applicable to or involve the resources and functions of DEA. They do not relate to plans described elsewhere in this schedule or to plans confined to specific functional areas which are not a segment of the overall plan. Included are copies of the approved plans, comments, recommendations, contributions, approvals, and disapprovals regarding the plans; and other directly related papers.

*Disposition:* a. Office performing a DEA-wide staff responsibility: (1) Record copy of approved substantive operating plans: Permanent. Transfer to Federal records center when 3 years old. *Transfer* to NARA when 15 years old. (2) Destroy other documents 5 years after requirements in plan are completed or terminated. b. Other offices: Destroy when superseded or obsolete.

*File No. 120-02 (NC1-170-77-1)*

*Operating Procedure Files.* Documents relating to the establishment of and changes in such matters as operating procedures and production methods. Included are studies, coordinating actions, copies of standing operating procedures and procedures manuals, comparable documents, and related papers.

*Disposition:* Destroy documents when superseded or obsolete.

## PROGRAMMING AND BUDGETING FILES

Documents created in the development of time-phased schedules for obtaining personnel, facilities, material, and funds required to meet the broad objectives established by DEA plans.

*File No. 130-01 (NC1-170-77-1)*

**<u>Program Development Files.</u>** Documents relating to the preparation, coordination, approval, and issue of the Five-Year Program document that translates the objectives established by plans (Annual Program Documents, workplans, etc.,) into time-phased schedules of accomplishment. These program documents are approved by the DEA Administrator and thereafter serve as the basis for development by the DEA staff of the more detailed program and budget guidance to DEA activities. Included are summary and detail data sheets, program change requests, minutes of meetings of review committees, coordinating actions, approvals, summary tables, and related papers.

*Disposition:* a. Office performing DEA-wide staff responsibility: Destroy 15 years after close of fiscal year involved. b. Other *Headquarters and field* offices: Destroy 5 years after close of fiscal year involved.

*File No. 130-02 (NC1-170-77-1)*

**<u>Program and Budget Guidance Files.</u>** Documents relating to developing, reviewing, approving, and issuing program and budget guidance. Included are program objectives; summary budgets; directives requiring staff preparation, revision, or updating program and budget guidance to DEA activities, including stating policies, priorities, standards and workloads; coordinating actions; operating schedules; and related papers.

*Disposition:* a. Office performing DEA-wide staff responsibility: Destroy 8 years after close of fiscal year involved. Cut off at the end of current fiscal year. b. Other offices: Destroy 5 years after close of fiscal year involved.

*File No. 130-03 (NC1-170-77-1)*

**OMB Submission Files.** Documents created by the DEA Staff preparing, reviewing, and consolidating budget estimates and in their submission to the Department of Justice to incorporate in the DOJ budget. Included are budget estimates prepared by DEA staff activities for their functional areas of responsibility, minutes of budget committee meetings; briefings, and presentations on the budget estimates for review offices in the Department of Justice and Office of Management and Budget; and related papers.

*Disposition:* a. Office performing DEA-wide staff responsibility: Destroy 15 years after close of fiscal year involved. b. Other *Headquarters and field* offices: Destroy 5 years after close of fiscal year involved.

*File No. 130-04 (NC1-170-77-1)*

**Congressional Budget Justification Files.** Documents accumulated by DEA staff in defending DEA budget estimates before Congress and Congressional Committees. Included are copies of opening statements, documents reflecting expected questions and answers thereto, prepared testimony, coordinating actions, resumes of Congressional hearings, and related papers.

*Disposition:* a. Office performing DEA-wide staff responsibility: (1) Record copy of agency budget justification document: Permanent. Transfer to Federal records center 5 years after close of fiscal year involved. *Transfer* to NARA when 15 years old. (2) Other documents: Destroy 8 years after close of fiscal year involved. b. Other *Headquarters and field* offices: Destroy 5 years after close of fiscal year

involved .

*File No. 130-05 (NC1-170-77-1)*

**_Execution and Funding Files._** Documents relating to quarterly allowances and supplemental allowances provided to operating activities. Documents used to authorize operating activities to incur obligations necessary to operate while Congress and OMB appropriate and apportion funds for the new fiscal year.

**Disposition:** a. Office performing DEA-wide staff responsibility: Destroy 8 years after close of fiscal year involved. b. Other *Headquarters and field* offices: Destroy 5 years after close of fiscal year involved.

*File No. 130-06 (NCl-170-77-1)*

**_Program and Budget Input Files._** Documents relating to furnishing data for program and budget guidance, formulation, and execution. They reflect data for the various program elements, such as enforcement, training, education, communications, material, construction, maintenance, and transportation. Included are schedules, coordination papers, justifications, minutes of meetings, plans, and related documents.

**Disposition:** a. Office performing DEA-wide staff responsibility: Destroy 8 years after close of fiscal year involved. b. Other *Headquarters and field* offices: Destroy 5 years after close of fiscal year involved .

*File No. 130-07 (N1-170-89-1)*

**_Budget and Programming Management Files._** Correspondence, instructions, studies, messages, interpretations, and coordinating actions related to the administration and operation of the programming and budgeting functions.

**Disposition:** Destroy when 6 years old. **Earlier destruction is authorized if instructions, etc., are superseded, obsolete, or no longer needed for reference.**

## MANAGEMENT IMPROVEMENT FILES

These files result from planning and carrying out an organized program for finding and installing more effective, efficient, or economical ways of doing work by applying management analysis techniques.

*File No. 140-01 (NC1-170-77-1)*

**_Management Improvement Project Files._** Documents relating to projects which initiate changes in the manner or method of planning, directing, controlling, or doing work which increases effectiveness, efficiency, and economy. Included are studies, charts, coordination papers, recommendations, statistical data, and comparable or similar documents.

**Disposition:** a. Offices performing DEA-wide staff responsibility: (1) Record copies of approved studies that resulted in substantial savings or significant improvement in overall DEA work activity: Permanent.

# EXHIBIT  29

**U. S. Department of Justice**

Drug Enforcement Administration

Office of Chief Counsel

---

*www.dea.gov*                 ·                 February 17, 2006

Mr. Tommie Anderson
Reg. No. 24492-034
United States Penitentiary
P.O. Box 2099
Pollock LA 71467-2099

Re:  Freedom of Information Request 1490-F

VIA CERTIFIED MAIL

Dear Mr. Anderson:

   This letter follows up on the letter sent to you on March 4, 2005, by the Department of Justice, Office of Information and Privacy, remanding the above-captioned Freedom of Information Act (FOIA) request to the Drug Enforcement Administration (DEA) for further action.  The following constitutes the DEA's response.

   The Drug Enforcement Administration provides the following information regarding the requests set out in your request 04-1490-F.  Except as noted, these requests pertain to the Task Force Agreement between the Tangipahoa Parish Sheriff's Office and the DEA.  The DEA Field Division that is responsible for the Tangipahoa Parish Sheriff's Office task force is the New Orleans Field Division.

   a.  ". . . accountability information regarding cost attributed to the operation of this task force's accomplishments and failures. . . ".  The DEA has searched for records responsive to your request. You are informed that records of expenditures at the headquarters level are maintained for eight years; records of expenditures at the Field Division are maintained for five years.  Although the Field Division maintains records of task force expenditures, separate records are not maintained for each task force.  Consequently, even for the time periods for which records exist, it is impossible to provide information on expenditures related to the Tangipahoa task force.

   b.  ". . . any and all information which was collected regarding the action of these agents and administrators (sic) as it pertains to arrests, charges, referrals from state to federal or federal to state of all suspected drug dealers investigated by the DEA or the Sheriff of Tangipahoa Parish . . . . "
It is unclear precisely what is meant by this request.  Nevertheless, the DEA has searched for records responsive to your request, based on a best guess as to what information you seek.  If your request is for all investigative records relating to the actions of members of the Tangipahoa Parish task force, you are informed that it is impossible to retrieve those records for years prior to 2002 without knowing the names of the individual DEA agents or task force officers involved.  Records listing the members of task forces in the New Orleans field division are not available for years prior to 2002.

c. ". . . each agents (sic) work record as to suspects investigated and charged while this agent worked under the aforesaid agreement." The DEA has searched for records responsive to this request. DEA agent work records reflect hours worked on each case. In order to ascertain the work hours a particular DEA agent worked on a case it is essential to know the name of the agent and the case number. DEA agent work records date back prior to 1994; however, task force officer work records were not maintained prior to 2002. In addition, a specific DEA case number often relates to the investigation of multiple individuals. Consequently, even if the name of the DEA agent and the number of the case are known, it is normally impossible to determine from the work records how many hours were expended in the investigation of a particular individual. Although it is theoretically possible to produce a listing of investigations the Tangipahoa Parish Task Force conducted, it is impossible to compile such a listing without a manual search of investigative records produced by the New Orleans Field Division office. Based on the foregoing, I have concluded that, while theoretically possible to do so, it is unduly burdensome to produce records responsive to your request.

d. . . . "the where abouts (sic) of Special agent (DEA) in Charge, George J. Cazenabette." There is no individual with this name associated with the DEA. Former Special Agent in Charge George Cazenavette retired from the DEA in May 2003. Information contained in DEA records regarding this individual will be released to you only if you provide a written and notarized authorization from this individual, or provide proof of his death. This requirement is consistent with the Department of Justice procedures set out in 28 C.F.R. § 16.3(a).

e. ". . . statistics from this multi-divisional task force whom (sic) operated under the agreement herein in question." You have previously been informed, in response to this request, that the DEA does not maintain statistical records for each task force. A copy of the DEA's previous response, dated November 17, 2004, is attached. The November 2004 letter from the DEA was the second time that you were informed that the DEA does not maintain the statistics you seek.

f. "whether the State Attorney General or United States Attorney general approved or was a party to the approval of the Standard State & Local Task Force Agreement? If so, a copy of such agreement, records, verification or approval is herein requested . . . ." The DEA has searched for records responsive to the request. There are no records responsive to your request.

g. ". . . any information that may cause understanding of the Standard State & Local Task Force Agreement." The DEA has searched for records responsive to the request. Documents which may be responsive to your request have been located. I have forwarded these pages to the FOI/Privacy Act Processing Unit (SARO) for assessment and review. Upon completion of review, these documents will be processed for release, subject to the FOIA and its exemptions. I anticipate that any documents that are releasable will be released to you within the next 30 days.

Mr. Tommie Anderson                                                                                    Page 3

    It is my understanding that you have filed an action in United States District Court regarding, among other things, the DEA's response to your FOIA request 04-1490-F. (*Tommie Anderson v. Department of Justice*, Drug Enforcement Administration, D.D.C. 05-2294 PLF.)  The DEA will attach a copy of this response to its Declaration that will be filed with the Court in connection with the action you filed.  Its Declaration will provide more detail into the process that the DEA used to make the conclusions set out above.

                                    Sincerely,

                                    Adele H. Odegard
                                    Senior Attorney
                                    Administrative Law Section

EXHIBIT  30

**U. S. Department of Justice**

Drug Enforcement Administration

Office of Chief Counsel

---

*www.dea.gov*                                                 March 20, 2006

Mr. Tommie Anderson
Reg. No. 24492-034
United States Penitentiary
P.O. Box 2099
Pollock LA 71467-2099

Re:  Freedom of Information Request 04-1490-F     SUPPLEMENTAL RELEASE

      VIA CERTIFIED MAIL

Dear Mr. Anderson:

This letter follows up on my letter of February 17, 2006.  As I stated to you in that letter (page 2, subparagraph g), documents which may be responsive to your request for "any information that may cause understanding of the Standard State & Local Task Force Agreement" have been located.

These documents have been processed for release in accordance with the Freedom of Information Act (FOIA).  A total of 17 pages are released to you (with redactions).  Certain portions of the documents have been withheld, pursuant to FOIA exemptions (b)(2) and (b)(7)(E), 5 U.S.C. §§ 552(b)(2) and 552(b)(7)(E).  Two (2) pages were withheld.

Please refer to the information sheet previously provided to you by the DEA's Freedom of Information Unit (SARO) for additional explanation of the FOIA exemptions used in processing these documents.

Copies of this letter and my letter of February 17, 2006, have been provided to the Department of Justice, Office of Information and Privacy (OIP), which remanded your FOIA request 04-1490-F to the DEA for further action.

This supplemental release concludes the DEA's action on the remanded matter.   I appreciate your patience.

      Sincerely,

      *Adele H. Odegard*

      Adele H. Odegard
      Senior Attorney
      Administrative Law Section

Enclosure