UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tommie Anderson,
                    Plaintiff,


v.                                      Civil Act. No. 05-2294 (PLF)


UNITED STATES DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION,
                         Defendants.


MOTION FOR DISMISSAL
OF MOTION OF SUMMARY JUDGMENT
FILED BY THE DEFENDANTS


Now Comes, Tommie Anderson, before the District Court for

the District of Columbia in objections to defendants Summary Judgment

Requests.

The defendant, Untied UNITED STATES DEPARTMENT OF JUSTICE,

DRUG ENFORCEMENT ADMINISTRATION, moved this court for summary

judgment pursuant to Fed. R. Civ. P. 56. The Plaintiff moves

this court to dismiss such request where there genuine issues

in disput as laid out in these filings.

Peitioner/Plaintiff have tried to answer all of the none

factual declarations and present the facts as they are known,

if he failed, it is only because of his inability and lack of

counsel to prosecute the matter and or uncover the facts as he

know them to exist.

The information requested by Plaintiff should have been a

simple matter, as it was under contract to be compiled by the

DEA, as it relates to the Standard State & Local Task Force.

Under this agreement, federal dollars was spent, government property was used and many hours was paid for by the government to agents working under this Agreement. Therefore, it is imperative that records be kept concerning all governmental expenditures, including individual agents. The peoples confidents and trust of voted energies has been misplaced or taken for granted by the DEA's actions of destroying records or not compiling them in regards to their joint actions. So said. This is why a trial is required in this matter because individuals tend to tell more of the truth when their personal neck are looked at for a noose to elicit the facts.

To my personal understanding, once something has been placed into computers, it can always be retrieved regardless to the operators intention to erase it or delete it. Though it would require an expert in that field, it can be done according to computer expert hackers. In the instant case, I have been investigating these issues or the people associated with them for the past eleven, years there about, and any revords associated with the information requested over time, should have begin a new destruction date for the material. Or, my inquiries should have been enough to preserve the material not destroy it as it was done, apparently right after my letter to Mr. George J. Cazenavette, DEA Acting Administrator In Charge of the Field Division associated with these proceding.

Plaintiff Swear Under Pains of Perjury that the above and following motions are true to the best of his knowledge, this 29, day of June, 2006. signed: _Tommie Hodges, Sr._

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Tommie Anderson,
           Plaintiff,


v.                                    Civil Action No. 05-2294(PLF)



UNITED STATES DEPARTMENT OF JUSTICE,
Drug Enforcement Administration,
                          Defendant.


MEMORANDUM OF POINTS AND AUTHORITES
AGAINST DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT


Plaintiff respectfully submit this Memorandum of Points and Authorities in rejection of Defense Motion for Summary Judgment.

I. INTRODUCTION

These objections and requests for the court to deny summary judgment under the Freedom of Inoformation ("FIOA"), 5 U.S.C. §552, and Privacy Act ("PA"), 5 U.S.C. §522a, and concerning the failure to process the totality of the information requested or and that that requires releasing under the act.  This information was accumulated by the Tangipahoa Parish Sheriff's Office,(TPSO) and the Drug Enforcement Administration (DEA) from about 9-14-94, and 9-16-94 when the Standard State & Local Task Force Agreement, was signed and put into operation, until the one year the agreement was in affect, approximately September 1995. Appendix #2 of the complaint.  The defendants has released all the information, segregable or not that they intend to release without a court order.  There are or should be numerous documents being withheld applicable

to the case numbered above which is obligated for release under
FOIA and I am in titled to receive.

## II. ARGUMENT

### A.  Standard for Denying Summary Judgment

Where genuine disputes exist as to any material fact, summary
judgment is not required, and should be denied.  A genuine issue
of material fact is one that would change the outcome of the litigation
where there is evidence to show that this issue and these facts
does exist and should be litigated to determine why such information
was detroyed, who ordered their destruction, what exactly was
detroyed, how many pages, whether the material was ever transferred
to computer disc or hard drive, ram, storage servers, flash drive,
thumb drive or CD's.  And whether or not such material can be
pulled up if needed from these computerized systems.[1]  In the old
days, it would be easy to believe that the FOIA material requested
would, by now, be destroyed.  Not in these times such could not
be made to happen without an act of congress and then some.

There have never been a day that has past that I did not
have something in the courts regarding this case, whether it was
fighting the sentence, conviction or filing for FOIA, and under
these circumstances, while the files should have been still open
and active, the material was destroyed.  I don't think so.

Plus, the people arrested, which the information is in reference
to, are still in prison, on parole, supervise release or probation.
Therefore, the DEA is saying, we locked them up, threw away the
key, the paper and any records of their existence in our files.

Are there a Standard for denying something someone else has,

2

which you have no way to prove, though you know should exist
and believe seriously that it does exist.? Do the court have
a choice but to take the word of the defendants that the material
not released and said to have been destroyed is actually true?[2]

The defendant has admitted that the information I seek does
exist or once did exist, but in either case they state I can not
have access to it for various reasons.[3]

The summary judgment rule is an integral part of the Federal
Rules as a whole, which are designed "to secure the just, Speedy
and inexpensive determination of every action'.' Anderson v. Liberty
Lobby, Inc., 477 U.S. 242 (1986). But, should not be used to
intimidate Plaintiff's who are not lawyers who has to face lawyers
with their full educational training in the law as pro se's with
very limited legal resources and research material and hardly
no abilities to do the required research and compilation of facts
to present his side of the issues in a way that would state the
factual findings enough to convince the court of the truth of
the matter.   As to whether material can be relocated/recompiled.[4]

There are genuine issues here that should be litigated before
the court, or a court order that the defendants reconsider their
position and release the material requested or at the least, detail
the information withheld with specificities as to how many pages
of material is being with held,  For the defendants have not met
their burden of production nor explained proficiently why such
material is not available or can not be reproduced and presented
to the Requester or to the court for examination of its value
pro or con for FOIA release.[5]

The main issue here is "STATISTICAL" information, along with

the facts requested in regards to the signing authors of the Agreement
under which and within the range of the Standard State & Local
Task Force Agreement (Agreement).[6]

Special agent in charge, George Cazenavette, DEA, and Sheriff
J. Edward Layrisson signed and agreement in 1994. My question
and request for information about their signing this agreement
is directed to the two named people who signed the agreement.
What was their individual understanding, as it pertains to the
agreement
they both sign, the agreement was suppose to accomplish and their
understanding of the agreement as a whole, and particularly the
#1 of the third paragraph, section (c) of 1(a)(b)(c), on the page
titled, **STANDARD STATE & LOCAL TASK FORCE AGREEMENT**? These individuals'
addresses, has never been an issue as long as the requested information
that they have as parties to the agreement is made available.[6]
Thus, this is an issue in disput. For the information requested
from both these individuals are their understanding of what they
signed that affected my life for the past eleven plus years and
still may be what holds me in slavery.[7]

The sheriff is a party to federal information as a signee
of a governmental contract/agreement which affects the people
of the Untied States, and the State of Louisiana. Any agreement
that affects a third party in a detrimental fashion, should have
binding obligation on the parties to follow such agreement when
not doing so violates the third party's rights of equal protection
of the laws of the State the State participant signed to protect
from the federal forum.[8] The Sheriff is a representative of the
people of the Parish of Tangipahoa, and the State of Louisiana,
therefore his signing of an agreement such as here is representative

4

of the people.  And it is not a decent thing to suggest that the
people need not know what their government and representatives
are doing with their tax dollars and with their trust.  Therefore,
if tax dollars or spent and trust is given by the voters, the
voters have a right to know.  Their trust and confidence in the
people that tends to the state and national business are a very
important item which transends privacy rights when those rights
merges with and partial to the business of the people of this
great nation.[9]

I can see the address of a government or state agent being
his private affair when such an address is his residence.  But,
when he is a public servant or once was where issues may come
up regarding his past work for the people, his address to that
business is public information.  Thus, the people has a right
to know how to get in touch with those representatives for past
wrongs done in regards to their public works.[10]

In the case of Mr. Cazenavette, III, any mail sent to him
in regards to his duty while an agent for the federal government's
DEA's office of New Orleans, has been intercepted and sent to
the freedom of information office or responded to by another DEA
field division officer, such as the letter from Mr. John F. Clark
IV, Field Division Counsel of April 3, 2003.[11]

And in regard to both agreement signers of a federal document,
the federal government FOIA should apply to them in regards to
government documents.  Therefore, the FOIA agency, should have
been required to release any information regarding both these
individuals as it apply to the governmental contract/agreement.[12]

These are genuine issues that needs attending to by a court
of law in a civil process, where a jury (the people) can determine
what they should know about their government and the representatives
of themselves and what information they should be able to obtain
to know how their government is operating.  Summary judgment at
this time is premature, for the defendants can do better and give
the people the information they requests to know how their government
operates.[13]

A declaration, is not a Vaughns' index, in this case, as
there is no information as to amount of material withheld that

5

was requested and have not been released, or the amount destroyed.

Such as;

.., The Freedom Of Information Request sent to Mr. George
J. Cazenavette[] in request of statistical information.  The information
requested is information housed by the DEA or other federal agencies.
The information requested regarding statistics, some of which
has been released, does show a pattern of profiling, racism and
unequal protection and treatment by the New Orleans DEA's office
for drug defendants of color.  See exhibit 12 page 1 - 9 of Odegard
Dec.

Agents such as Chad Scott filed cases for prosecution in
the "Courts of the State of Louisiana" as the agreement demanded,
but also was instrumental, as a DEA agent in the Task Force of
the New Orleands' field Devision, in sending suspects to the federal
forum for prosecution.  Therefore, the information requested regarding
Chad Scott is in controversy and need this courts attention.  As
a representative of the DEA while under contract/agreement, makes
the information he accumulated  doing that time period viable
to my FOIA requests, other wise, when I filed for the same information
in the state, such information has been reported to not exist
or have not been compiled for release to the public.[22]Also, it
was not the responsibility of the state to compile such information
according to the agreement.  See agreement.  Such information
requested of the state is referred, or could be, back to the federal
government and visa versa.  Under these circumstances, I would
aver to ask, who had jurisdiction over the New Orleans' task Force
and the agents participating in the Task Force, when some of the
members or state agents?[6]

Once that question is clearly answered, can this matter be
resolved without farther controversy?

If the State had Jurisdiction of the state agent and the
information he accumulated, Then I summit this issue to be resolved
for the circumstances of this case and my request/appeal.[14]

If the federal DEA had jurisdiction of this agent and the
information requested, we can not resolve this issue by summary
judgment at this time. [15]

**The Court Should Reject Defendnats Vaughn's Declaration as not Suitable for the Matters at Hand.**

The Vaughn Index serves several fold purpose, a) it identifies each document withhed; b) it states the statutory claimed exemption(s); (c)it must explain how disclosure would damage the interests protected by the claimed exempted; d) should be contained in one document; e) must state the exemption claimed for each deletion or withheld document, and (f)explain why the exemption is relevant. **Founding Church of Scientology v. Bell, 603 F. 2d 945, 949 (D.C. Cir. 1979) and Dorsett v. Dept. of Treasury, 307 F. Supp 2d 28 (D.C. Cir. 2004).** [16]

In the case at bar, the Vaughn does not serve the court or the plaintiff as it only details some of the material released and none of the material asked for and not released or mentioned in the Vaughn's Index. The statistical information is there, in the records of the DEA, all the information requested can be compiled by computing the facts of each case for the requested information from the area of the DEA Task Force under the agreement of the 1994-1995 **STANDARD STATE & LOCAL TASK FORCE AGREEMENT.**

The complaints filed in state court by any of the field agents working on the Task Force under the Agreement of the New Orleans' Task Force and Sheriff of Tangipahoa parish should be FOIA assessable through the DEA's office, since the filing agents was contracted to that federal agency. See (e) for the Cazenavette FOIA request as well as other questions regarding information concerning these agents, as it pertains to the state courts while they worked as DEA agents for the federal government/State government/sheriff deputies under the agreement. [17]

The questions which eludes to confidential informants, cooperating individuals or informants in general, Anderson is not requesting names or addresses, but rather numbers. This information would not reveal any operational strategies or disrupt any plan of the agents or department. Such information is needed to know how our government works, and where the money goes and to whom, also it helps to keep the agents themselves on the straight and narrow. To many times agents use informants for their own agendas which has nothing to do with protecting the public. There are some agents that are worse than the suspects and competitors they remove off the streets. Worse because they are the source of the drugs, murders and other crimes which is blamed on drive by shooting and a drug deal gone bad, keeping the streets criminally active.[18]

The reason for this information is not for my freedom, though it started that way, it is to intervene in the flow of drugs in the New Orleans area, and help save the public from farther abuses purpetrated by the DEA head office there, controlled by people that is not DEA agents or work for the DEA. Most of the DEA agents were recommended for these positions by,,,,,, This is information known but can not at this time be proved. Suffice to say though, that the end resort of this complaint may well be or gather enough information to reshape the DEA's offices all over the Untied States. That is My Most Assured Hope, that the DEA is dismantled with all agents reassigned to penitentiary duty so they can see their work. Though most of them are one informant away from being inmates themselves in a prison / penitentiary, though they would probably get state time.[19]

On the local level, police and DEA agents, rip off drug procedes

8

from many dealers, especially the young beginners, with threats
of sending them to the federal prison once they become of age.
These drugs, money, cars, motor bikes, and mopids are not reported
or turned in to the Department, and is utilized for the agents
own agenda not associated with the DEA or Sheriff Department.
This evidence or property is kept in the Sheriff Department property
room in some cases without being logged in until it is safe for
the coveter to remove it.  Such is the actions of the agents I
am dealing with here, and without the information requested, it
will be hard to stop them from abusing their powers and gaining
riches by destroying the evidence or not reporting or compiling
their work for public scrutiny. [19]

The District Court in Pounding Church of Scientoloty, ETC.
v. Bell rejected the withholding  of information simply because
portions of it was classified, and determine that if the material
was segregable, then that part which is not classified could be
released.  We are not dealing with classified information here,
therefore the standards of release should be lessened. [20]

In concluding this portion of the reply to the Summary Judgment
motion and Odegards' Declaration, I request the court to take
pains to consider that Plaintiff is a Pro Se Plaintiff and recognized
his limited ability to prosecute this matter, and wish the court
would appoint counsel, especially since the matter is complicatedly
intwined with the state of Louisiana and agents working both side
of the sovereignty belt of state and federal with dual powers
above that of the State and its three tier government when the
representative of the state, the sheriff, opposed such action
by signature on an agreement which agents refused to abide by. [21]

9

In the interest of justice the Plaintiff bows to the orders of the District court, and pray that the court will dismiss the Summary Judgment requested by the defendants as there are matters her which are genuine issues that can not be solved without, at the least, a hearing on the issues and at most a trial by the people to let them determine the next step. Jury.


Under the pains of perjury, the Plaintiff, Tommie Anderson declare the above to be true to the best of his knowledge and belief, on this day, June 28, 2006, pursuant to 28 USC § 1746.


                                    Respectfully Submitted


                                    **Tommie Anderson**
                                    **Reg. #24492-034**
                                    **USP Pollock**
                                    **Post Office Box 2099**
                                    **Pollock, Louisiana 71467-2099**


**10**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Tommie Anderson, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 05-÷2294PLF |
| | ) | |
| | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| Drug Enforcement Administration, | ) | |
| Defendants | ) | |

IN RESPONSE TO ABELE H. ODEGARD'S
DECLARATION AND OBJECTIONS THERE TO
THE PLAINTIFF FILES THIS DECLARATION

In accordance with the provision of 28 U.S.C. §1746 I, Tommie Anderson, make the following declaration, under penalty of perjury, relating to the above-captioned case.

1. I am the Plaintiff in the above case, who happens to be a prison inmate under the Federal Bureau Of Prisons, BOP, custody. I have been seeking FIOA information from the Drug Endorcement Administration since 1996/7, information regarding my arrest, removal from state custody to federal custody by a state agent who worked for both the federal and the state government, but now work exclusively for the federal government, to my knowledge, but prior to the Agreement with the DEA, Chad Scott, My case main investigating officer, worked as a sheriff deputy for the Parish of Tangipahoa. He was a member of the New Orleans Field Devision Task Force for the Gulf Coast Area of Louisiana. 1993/4 Chad Scott had charges filed against me in the Parish Court of Tangipahoa in the state of Louisiana.

These charges was of a controlled substance, marjuana and cocaine, among other related charges.  These charges was pending when Chad Scott took the state and federal law into his own hand, along with his co-conspirators and removed me from state custody into federal custody without adjudicating such a removal through state judiciary.  Chad Scott used his power of office to remove me with a none existing Fugitive Warrant from the Untied States Government. Those cases Chad Scott removed me from, which he filed again me, are still pending in state court as far as I know, as I have not gotten any notice of them to this date requiring me to appear before the court for continuing trial of those charges.

It would appear from the statistics, though they are not concentrated to the Tanjipahoa area or the area of the Task Force Chad Scott was a member of, it shows the racial disparity of the methods utilized to ferret criminal charges for minor drug offenders, seemingly to justify, the billions of dollars to prevent trafficking of illegal controlled substances which is spreaded throughout the country from the neglect of federal agents as they police the domains of the states rather than the borders of the United States, where their jurisdiction truly lie in the first instance, and where the country as a whole need there expertise.

Since May 07, 1997, I have been trying through the Freedom Of Informatioin Act (FOIA) to find the answers to the question, "why me?" in federal court for talking about drugs and aiding indirectly to cause a drug transfer to a guy that is not a drug dealer in the true sense of the word, from a guy that is just doing a friend a favor simply because of his street knowledge of street drug hustlers.  All, minor players.

2

In the process of my filings for the FIOA I have requested
many time for information regarding Chad Scott, James Sewell and
others.  I have requested statistics concerning their actions
under the Standard State & Local Task Force Agreement (Agreement)
between the DEA and the Sheriff of Tangipahoa Parish (Sheriff).
***** See exhibit No. 2__ .  I have also requested information
regarding their investigation of me, and have received no information
other than that presented to the court on the record.  Information
Chad Scott accumulated being the lead investigator in my case
has not been released are admitted to being in existence.  Such
agents can hind information from FIOA by holding it in under state
law, and when it is requested under the states information release
system, it is not released because of federal law, therefore such
agents with two faces, in the instant case three faces; one as
a state agent representing the State of Louisiana, Judicial, executive
and the legislative branch, another as the federal government
three branches as well.  These can be proved by the method used
to remove me from the Parish Jail and presented, without state
or federal judicial procedings, to the federal courts.  This was
done after the state forced the Task Force right after arrest:
to take me to Amite, for booking per-AGREEMENT previously signed
by the acting DEA Administrative agent and the Sheriff of Tangipahoa.
The third face is his own, and his agenda to be a federal agent
full time.

Thus, I fight this case for the rightness of things and
so that such will not happen to my children or their children.
If they violate state law, let the state handle it, let that be
true for the federal laws as well.  This, in do course of falling

3

not pray to agents utilizing their office to circumvent the laws
to the hurt of the people of this great forging nation, which
all other countries keep under close scrutiny.

2. The normal course of my filings for FIOA has been in
regards to my conviction. But, whats before the court is about
information the public should be aware of. This information will
hopefully show unique investigative techniques which borders on
pro-filing, if not absolute pro-filing black and other minorities
directed to the federal penal system. I am not one to believe
in the grand governmental conspiracies, but when I look around
my present environment, I can readily see how bad blacks and other
minorities are, and how good white Americans are for you hardly
see any of them in the federal penitentiaries in the three I have
been, and I am told it is like this in most other USP's. And
even those few which are said to be white, are of other nations
and countries. **See exhibit #4.**

Thus, statistics hopefully will help me and the people of
this country to understand why is blacks and other minorities
or so much more criminalistic than the major race in this country.

3. It pleases me to know that the person filing this declaration
for the DEA, Justice Department for the Untied States is familiar
with the treatment been afford the many inquiries I have filed
to not receive the information requested, or to be put off by
given a new search number to inquiries about old FIOA requests
before them. Finally, some one who takes their work seriously
and hold no quarters for the fairness of such applicants getting
what they request. Therefore, her statements is based upon her
review of the records maintained by the DEA, the information acquired
through the performance of her official duties, and her own personal

4

knowledge suits me just fine, mainly because there are more here
than meets to eye. Thus, I am counting on Attorney Odegard, to
live up to this declaration's promises.  As well as to correct
any contradictory statements or misidentified records, dates etc,
etc.

4. After searches of its records, the DEA was able to identify
documents responsive to a portion of Plainriff's FIOA requests.
Though the DEA released portions, they did not release the biggest
portion.  Mainly, the information requested.  Such information
that would show the various people charged in the Tangipahoa Parish
area were—of African decent—tried in federal court.  Those investigated
for the same style of offenses by the Task Force of the majority
was protected by the AGREEMENT and tried in state court(s).  In
1994-95 more blacks were arrested for cocaine distribution than
whites for cocaine and all other drugs combined.

Cy1994   **Table 4—Race by ,,Drug Category for Arrests**

| Race | Heroin | Cocaine | Cannabis | Meth | Other-Drugs | Total |
|------|--------|---------|----------|------|-------------|-------|
| White | 8 | 147 | 205 | 196 | 49 | 605 |
| Black | 5 | 669 | 3 | 3 | 8 | 708 |

Cy1995   **Table 4-Race by,,Drug Category for Arrests**

| Rase | Heroin | Cocaine | Cannabis | Meth | Other-Drugs | Total |
|------|--------|---------|----------|------|-------------|-------|
| White | 13 | 147 | 254 | 240 | 35 | 689 |
| Black | 8 | 713 | 19 | 1 | 16 | 757 |

These statistics or from the United States Drug Enforcement
Administration, New Orleans Field Division for arrests and Convictions,
Cy 1994-1995.

This does look bad, just the idea that we have so many black
people dealing, possession and using drugs, but, the statistics
also states that more whites use drugs that any other race in

5

the United states.   Thereby, it would indicate that more whites possess, buy, sale and traffic in drugs than Blacks as Blacks can not possibly be their main source of cocaine or other drugs.

The population in the South is more smaller as to black white ratio, as there are a more concentrated number of blacks in the South than in most other States.   My concern here in is the State of Louisiana, and particularly the area covered by the Standard State & Local Task Force Agreement (AGREEMENT) of the Sheriff of Tangipahoa and the New Orleans Division of the DEA's Field Division. **See exhibit # 5.**

The population of the United States are over 250.000.000 people, with approximately 30,000,000 of them of African decent. Since the Justice Department is the Defenders of Human Rights under the Constitution, it should question itself as to how can more of the 30,000,000 be in prison than the 350,000,000 especially a question even if both groups had equal access to the drug(s) in question.   Not withstanding that black or easier to catch since many of them sale from city corners or blocks.   Still, this portion of the offense is generally handled by the states, as it is a state crime, and the criteria for federal crimes is usually much higher than simple sales of a few ounces or less.

My added biggest gripe with the justice department, DEA and other in the government is 9/11, the bombing of the twin towers. This bombing happen while the federal government was minding states affairs, such as drugs on the city streets and not those coming across the borders.   What makes it even worse is that we trained them how to fly our planes which they used for bombs.   With the scare of Anthrax, ebola, bird-flu and other possible pandamic

**6**

possibilities, drugs crossing the borders of the Untied States is just and example of how such chemical war styled agents can be smuggled into this country as well, the federal government concentration needs to be where it suppose to be, and that is protacting the country from foreign disastrous happenstances which could prevent 9/11's simple by doing their statutorial duties and not mine, unless the people of the states request it, the business of the states.

By truly protecting the borders from foreign substances, people and other undesirables from a national level, it would inadvertently protect us from illegal drugs, better yet, those pandamic possibilities.  "If" only the federal government would mind its on house.

Attorney Odegard may consider, and I stated, that exhibit #5 is a new request, but it truly is not, it was perhaps new in a way since it included thoughts and beliefs, but it was the same requests I have been demanding/asking for for the past eleven years nearly.  Since my first filing in 1995 for FIOA, then in 1996, 97, 98, 99 and up until these filings.  Some have been adjudicated in the district court in Washington D.C. others was not.  Still, they all or dealing basicly with the same over all matter.  Tommie Anderson and the Who, What, Why and How of his prosecution in the federal courts, and the responsible parties which allows it. And, I add this exhibit to my present claim as information to the court to understand where this is headed and the affects it causes to us all.  **Anderson v. USA, Civ. Act. # 98-2369 (Rmu,DDC).**

The agreements I requested for any other years other than 1994 - 1995 has not been forth coming, therefore I assume their

7

are none.  Otherwise, I am expecting all the information requested.
"If" the information I have requested is not available or were
never available, then there is a flaw in the governmental system
of checks and balances where the people can know "What Their Government
Is Doing" with their monies.  Therefore, I expect all the information
requested, if it is not available it should be made available
and the people responsible for not following the AGREEMEMT rules
and regulations and well as those posed by the Government system
in regards to governmental funds and statistical accountability
should be punished for their neglect or mismanagement or fraudulent
style behavior.

5. At this time, April 27, 2004, I had not heard from the
previously filed FIOA for many months.  The statistical information
requested has still not been satisfied as of May 31, 2006.  Though
the DEA field devision has sent statistics for their whole devision
it has not been concentrated to the particular Task Force the
information was requested for.  This information is still desired
and appealed for to this court.

6. In an undated letter, SARO informed me that there were
no other task force agreements between the DEA and Tangipahoa
Parish (I wonder why?).  If the Office of Operations Management
coordinates and administers the Drug Enforcement Administration's
(DEA) State and Local task Force Program; Title 21 State and Local
Deputilization and Cross Designation (other federal) requests:
and serves the repository for DEA's Standard State and Local Task
Force Agreement, then they should also be held to answer for the
information requested in its entirety. For I am sure they have
a monitoring system for each and all expenditures required for

**8**

all drug investigative units individually requested and funds
and equip utilized.  The AGREEMENT required record keeping and
reporting.  The DEA may well not be in possession of the additional
information I have requested, but I am positive that such information
can be retrieved by the DEA if they desired to do so, and as required
by the FOIA.

7. My May 17, 2004 letter was filed after many months of
waiting, and each time I made requests concerning case number
03-1775-F, a new number would be given and the time would be extended
for the original requests' time for reply.  I am not sure how
many numbers was given me for this same request, but I am sure
it was more than one or two.  In December 2003 for a pacifier,
I was sent another copy of the Standard State and Local Task force
Agreement which I had not asked for to my recollection.

The reason I did not appeal many of these Request Numbers
is because they were not the original number filed or I was waiting
on other information regarding the same, and was hoping to add
such appeals to the present case.

8. Again this June 1, 2004 gave defendant another number
for the requested  information only inquired about from previous
filings.

9. Petitioner/requester had had enough of the waiting and
prolonging of a response to his requests,  Therefore, hoped to
bring it to the attention of someone in charge so that the FOIA
would complied with.  There was not any satisfactory compliance.

10. June 30, 2004, I received some eleven pages of information
in connection with Request Number 04-1286-F. which was an inquiry
into 03-1775-F, or other prior requests.

9

Even so, the information did not cover the request as the court will very well note.

11. By letter of June 14, 2004 (varification of the date is below his signature) I wrote this letter before I received the statistics in exhibits information more than two years after the first request, and not under the original statistical requested number. Though the information is helpful, it is not complete.

**My first letter to the special agent in charge of the field devision for the DEA of New Orleans, Special Agent George Cazenavette, Gulf Coast area, was** answered by another agent Who could not answer the question posed to Mr. Cazenavette to to his understanding of the contract he signed into policy for the operation or the AGREEMENT of 1994-1995. Since this was a federal program and the then sheriff signed it, then such agreement should carry with it the responsibility of both parties as to how the agreement works. Since it appear that no other administrator in the federal or state government was a party to this AGREEMENT these two officers of the two governments are the only ones who can answer that question of what the contract meant to them as to how it was to operate. This is a very important question, since suspects was being investigated by both governments, and taken to either state or federal court, there should have been a requirement for which suspect goes where to prevent profiling, violating equal protection rights, and other civil and constitutional amenities afforded by the State and United States constitution the agents and the defendant was/is accountable to. Sheriff Edward Layrisson.

Ex. 6

Since I knew the names of the two officers, I was merely requesting a manner of contacting them directly for FOIA Questions.

**10**

Being able to contact them without violating there privacy rights was my intention stating that their names was not necessarily required, their public address was good enough. A method of contact is still required. And, as a party to the Federal Governments Business, it should be allowed under FOIA.

12. The Agents of the state of Louisiana working under agreement with the DEA, Chad Scott particular, was able to funnel drug cases either the federal forum or to the State forum, and the Prosecution was required by law to determine whether these cases could be tried in their respective jurisdictions. Therefore,it was this agent under this agreement who decided which cases went to which forum. There would be no reason for either prosecutor to refuse the cases if they were prosecutable under their respective jurisdiction. Therefore, the agent was the deciding factor here, especially in the case under which I was arrested and removed for trial.

Though Chad Scott, Sheriff Deputy and Special Agent for the DEA had control over both prosecutors and both governments as to where his cases would be tried. This type of power, to circumvent AGREEMENTS and policy, as well as state and federal rules and regulations, makes for personal agendas, which violates equal protection rights of both governments and the suspect individual rights. Under this scenario, racial bias, prejudices, profiling or favoritism can be practice without governmental control or intervention. For he has been given the power of both governments.

Therefore, the information I request regarding this agent should be forth coming through FOIA, as he was operating under federal and state authority. Still, I have received no information accumulated by this agent that was not presented to the federal

11

court, such as my requests demanded.

This letter of June 14, 2006 requesting FOIA material, was directly responsive to the none responsiveness of the FOIA agency which refuse to answer my request at that time. Their letters attested to that with an attitude which should not exist in a business environment such as FOIA (DEA) as they respond to the people of the Untied States. Information should be freely given regarding governmental works, if not in allowed secrecy. Therefore, herein, the numbers of the requests were continually changing in hopes, it seems of boring the requester from his purpose. Thus, all information requested in the June 14, letter In Re: FOIA are still desired if not released thus far. For the fee's from such attitudes, I responded accordingly with a statement expressing my intent to satisfy all fees incurred while request was being processed, even though, it was not my fault for the amount of time spent renewing numbers and none productive said researches.

13. See exhibit 15, **Odegard declaration.**

14. Though letter dated (stamped November 17, 2004) reported that there was not information to be released for various reasons, not having such information/statistics, yet the AGREEMENT sent in response to my request with this letter indicate that such information should have been collected by the DEA Task Force. Therefore, I do not understand why it can't now be retrieved from what ever source under the Justice Department Control.

15. July 7, 2004 letter requesting the exact requested material for the area, people and AGREEMENT involved was a reasonable request as it pertain to the people of concerned and the AGREEMENT required a tally of the expenditures and other statistical data. For one

12

without the other can not be verified for funding or tested for abuse of governmental programs funded by the people of the United States.

These statistics should have been available through the DEA New Orleans Office of the Field Division. From 1994 to 1995, the DEA was in control of the Drug Task Force under which Chad Scott and James Sewell was a party, and the same in question here?

16. This request for specified information was renumbered, thus, (I lost another one to Di-tech) I lost another one to the spend of time by bureaucracy.

17. November 17, 2004, RRN 04-1991-F, Advised me that they were not in possession of the information asked for. Though it behooves me how data came be collected for the New Orleans field Division without geographical specificities of the differences of obtaination. Who did what, how, when and where? and if this information was not given to the collectors of statistical information, why not?

Though the Statistical Services Section did not state that they could not obtain the information, they stated only that they "Does not maintain Task Force agreements or keep any statistical information for specific or particular task force." That, "The Statistical Services Section also does not track statistics by city, county, or parish. Statistical information is retrievable by state or DEA field division." "by city, county, or parish"? WE are talking a Justice Department program where all participating agents had to abide by federal law, not state law as things was carried out with me, even though state of Louisiana should have had the statistical control of the suspects, according to AGREEMENT,

13

but they did not have any control even though the contract allowed for the sheriff department to take credit for the arrests and the convictions in state court.    Things done otherwise negated the AGREEMENT and violated my rights to equal treatment.    Which put the ball in the federal governments corner to collect the data for the arrests made, convictions had and so forth.

The information requested should be mandated for release under such condition herein known have have existed and did occur. Though respondent was not in possession of the information, they should be ordered to obtain.

Appeal Number 05-0642 of Request Number 04-1490-F

18. I am not sure that heading is correct, for 04-1490-F is only one number which represent all numbers it is in reference to, or, those to it.    All requests dealing with statistical information since the letter to Mr. Cazemabette on February 19, 2003, and a response from a Field Division Counsel, John F. Clark IV dated April 3, 2003.    Therefore any number thereafter should be so correlated as to be under the same number and thus, part of this appeal.

19. See exhibit 18 of ¶24. Odegard Dec.

20. See exhibit 19 of ¶25. Odegard Dec.

21. March 20, 2006, seventeen (17) pages of information, with reactions were released to me (Exhibit 30 of §§28-44.  Odegard Dec.) Two (2) additional pages of information were with held. Id.    The redactions should not be allowed, not the two pages with held as the public has a right to know what it government is doing and what agent and agency is doing it.

22. Public officials have no right to privacy in the course of their duties.    Mr. George Cazenavette was an active agent in

14

the time period my requests covers. He was the agent that signed the AGREEMENT. Therefore, in regards to that agreement, any information that Mr. Cazenavette may have to get an understanding of what his thoughts was in regards to signing the agreement, and under what impression he had as to how the AGREEMENT would work. No other officer can explain this but the parties that signed the GREEMENT. Therefore, any exemptions in relation to these persons of public employees, be it governmental or local should not be tolerated here. The DEA should have nothing to hide as to the understanding of the parties who signed the 1994-95 Standard State & Local Task Force Agreement.

The information requested should not be destroyed in that, I have been requesting said material for several years, and have had suits brought against the defendants as well, to have destroyed the material is to care nothing about the desires of the poeple. And have worked in opposition of the citizens of the Untied States in covering up the faults and misuse of governmental funds, equipment and personnel.

### Appeal Number 05-0641 or Request Number 04-1491-F

23. My letter dated December 1, 2004, referencing Request Numbers 04-1490-F and 04-1491-F et. at," I expressed dissatisfaction with SARo"s responses and indicated that I wished to appeal SARO's answer to my appeal, and went on to request the address and rules for that appeal. I also requested other information in regards to appealing. SARO's response was to foreward to request as an appeal, rather that send the information requested and allow me to appeal my case as I saw fit, which throwed things completely off center. Odegard DEC. ¶¶23,32 and EXhibit 17.

24. SARO then sent to me an Appeal Number, 05-0641, by letter

dated Dec. 28, 2004, Odegard Dec. §33 and Exhibit 23.

25. By letter dated February 2, 2005, citing Appeal Number 05--0641 and REquest Number 04-1491-F, OIP informard (OIP, for #24 as well, not SARO) me that if affirmed the DEA's action which I did not ask for at that time,

26. By letter dated February 11, 2005, I informed FIP that my prior letter should not have been construed as an appeal. I asked that IOP "null and void" my appeal. Odegard Dec. ¶35 and Exhibit 25. I never intended to file an appeal until all the information was in in those matters, but, after things went as they did and I was not sent the rules and regulation for the administrative appeal as requested, I assumed the matter was ended. Therefore I waited for the rest of the information requested, and wanted to know if the court would add this matter to this case, as it all pertains to the same matters.

27. By letter dated April 18, 2005, OIP's Co-Director informed me therein that OIP's dicision was appropriate. Odegard Dec. ¶36. The letter reminded me that I could appeal those requests not accounted for in the present adjudication. I am seek judicial review of the issues herein, which should include all requests derivitive or the original request for basicly the same information but given other numbers by the defendants/respondents.

Respectfully Submitted

Tommie Anderson
May 31, 2006

16

## AFFIRMANCE AND OBJECTIONS TO
## DECLARATION OF ADELE H. OREGARD

In accordance with the provisions of 28 U.S.C. §1746, I, Tommie Anderson, make the following Declarations and Objections, under penalty of perjury, relating to the above-captioned case.

1. I am presently confined in the BOP with 15 years and 8 months. My sentence started February 2, 1995 when arrested by the Tangipahoa/New Orleans field devision Task Force and placed in state custody per Standard State & Locak Task Force Agreement between the DEA Acting Special Agent in Charge, George J. Cazenavette and Then Sheriff of Tangipahoa Parish, J. Edward Layrisson, signed 9-16-94 and 9-14-94 respectively. Anderson found out about the agreement at the substation doing interrogation issuing from this arrest, when several state agents from the sheriff department interceded and told the DEA agent that they could not take me to New Orleans to be tried, as it was under agreement that such cases would be tried in state courts. Since that time, I have been trying to understand, what this agreement said and meant at the time of arrest diligently, thus, I am at this point.

2. During that time to this day, I have been not able to get the state's take on the agreement, mainly because the Federal Prison system is not required to house state legal or resource material, and where I have been, USP's Atlanta, Beaumont and Pollock, where I am at this time, have not done so for the state of Louisiana.

This fact of the prison which does not allow research in a

------------------------

\* There is some legal material for such states as New Jersey, D.C., Maryland and other states centered around Washington.

17

Law Library that is not required to house resource material which the federal forum relies on for federal statutes and specifically federal Sentencing Guidelines should be considered a violation of Due Process, and Action to the Courts of conviction and sentence. These problems merges with the problem here, where field agents direct state agreements to prosecute in state court, to federal courts without consideration of the AGREEMENT or the state government's laws and regulations, as well as ignoring the due process laws the state and federal government have in place for such cases as mines.

I have filed in state court this matter, to no avail, mainly because I do not have research material, and because when ordered to appear, I have no avenue to get presented for civil matters. I also filed in Washington, D.C. and that case was dismissed without prejudice pending the outcome of my criminal conviction which is a hurdle that can not be over came without the requested material here from the parties connected to the Standard State & Local Task Force Agreement.

Attorney Odegard makes the claim of having access to the DEA records, which literally includes investigative reporting and filing system.  If this is true, it should be not problem considering for release those records of Chad Scott, James "Skip" Sewell and others on the Task force in question to the time period for the FOIA material inquired and demanded by the requester for the past eight, nine or 10 years.  For I am sure field agents are required to make daily reports regarding the people they investigate, in this case, me.

3. The many requests I have made were not all new requests,

18

but inquiries of old requests that had not been responded to for several months, maybe years, and these inquiries was given new FOIA Request numbers. The request for the field agents hand written notes and other papers, including recordations etc. etc., which has anything to do with Tommie Anderson, ss 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. Information where time limits and secrecy has expired and privacy rights are not an issue for all the players or parts of public records and court documents. Therefore I object to the treatment afforded me in this matter and the, for the material withheld which would cause no problem when released.

4. After searches of records, the DEA released only documents that was only partially responsive to **A PORTION** of my requests. My concern is the other portion not released or discussed for release, therefore a Vaughn Index would be helpful to determine **WHAT PORTION** was not considered for release.

## AFFIRMANCE AND OBJECTIONS TO
## THE PROCESSING OF MY FOIA REQUESTS TO DEA

5. More facts or relevant to this action than placed here by the defendant.

6. The Statistical information Anderson seeks was required by the AGREEMENT and by laws of the State and the Federal Government, other wise there is no accountability, and a government or it's agencies can run, by law, without details of its actions. Therefore, each unit or individual task force must keep records of its actions for the main body to compile the information as set forth here in the Cy Report regarding statistics. For I would like to know how my tax dollars was spent and by who and for what? For there are wolves in sheep clothing every where people are.

19

7. Not being a litigator, I have had to make several requests for "statistical information" relating to the Tangipahoa Sheriff Department Task Force Agreement signed in 1994 by DEA, special agent in charge, Mr. cazenavette and Sheriff Layrisson. Not all of the requests are listed in my complaint, but since the defendant brought them up, I would hope the court will take judicial notice of all the requests filed with the DEA and all the requested for information not responded to which prompted these actions by myself. One of the reason so many requests was filed is the construction the defendant placed on my inquiries, and another reason is that, I did not feel I was making myself clear to the FOIA office or those responsible for gathering the material requested for, and file othe request to insure that I got the material I was seeking, especially since some of the responses I was getting did not seem to comprehend what my request pertained to.

The later request sprung from Anderson v. United sTates of America, Civil ACtion No. 98-2369 RMU (D.D.C.). From that case, I begin to try to gather information which would prove my constitutional rights was violated by the field agents for taking me from the state, where state charges was pending filed by Chadd Scott, the agent who took me from the Parish Jail under false pretenses and filed a complaint in federal court with his co-conspirator James "Skip" Sewell, whom actually filed the complaint in federal court. This was all done through usurpation of state law, agreements and contracts without prior state approval or judicial review.

Therefore, being a pro se petitioner/requester, I filed more than one requests to get answers as to why, how, when and what for of the DEA·s attention to me, and why the AGREEMENT's biasity.

20

(onesidedness).   Biasitated in that, some investigated went to state court where there was, if convicted, parole, 50% good time credit, closer to home, in most cases, and no harsh U.S. Statutes or Sentencing Guidelines. And most of all, where if you plead guilty in the state, you know approximately what your sentence will be.   Unlike the feds, where you plead to one thing and get sentence to that and anything else that comes up at sentencing. The Sentencing mandatory laws have said to be changed since I went to trial, but the sentences or still harsh and unforgiving. Therefore for suspects to be sent one way, harsh another way not so harsh, is a form of unequal treatment of the laws and by the laws of both state and federal governments.

Though the prosecutors determine what cases to try, the field agents chooses what cases the prosecution picks from.  If the prosecutors have only minorities as suspects in drug cases to pick from, the are bound to prosecute minority defendants. This is where the field agents' prosecutorial powers come into to play.

Therefore, there must be a criteria as to what cases is to be presented to federal courts and what cases are to be presented to states court when both the DEA and Local Government is working in unisome to prevent confusion and other disagreements.  What ever the process, it has an affect on the suspects fair treatment. Thus, any FIOA material requested is in good faith to fine out how the DEA operates to the fairness of the people they investigate.

8. In my requests to George J. Cazena[v]ette in the first instants. I was requesting information regarding his understanding of the agreement and got a letter from Filed Division Counsel

21

John F. Clark IV, (Copy of which is attached).  This letter provides the insight into how the DEA thought of the AGreement, and their thoughts meant that they had no feelings or an idea of what such agreement, not followed would do to the individual suspect caught into their net.  All laws should apply to all people equally. But all laws can not be applied to all people equally if they are not treated equally by the executors of those laws.  When laws can be twisted and turned to fit the user, then that law is unconstitutional, especially when it can place one person in greater jeopardy than another utilizing the same rules and regulation under the same set of circumstances. All things equal.

When people, such as myself, began to question the operation of such laws by requesting information regarding the method of utilizing such laws, directly or through FOIA, red-tape unravels and time expands by years before such information is released. Which makes it very hard for the common people to ever get to the bottom of situations dealing with FOIA information in regards to how their government works, and **why** they work one way for this are those people and another for themselves and other people.

To my understanding, the FOIA responders has a very limited time to answer requesters.  I have never experienced this limitation with any of the, said multiple, requests I have filed.  Simple requests takes months and months and years and years, therefore the limitation posed in Title 5 should be ahered to, or amended.

9. The letter I mailed to the DEA on Nov. 25, 2003 was not clearly wrote, but was surely understood by the receivers of the letter, otherwise they would not have sent the Agreement, though I did not ask for that one again, and none of the other

request or questions was responded to.

10. Plaintiffs' undated letter,(Odegards' exhibit 5) has not been fully responded to other than to say that no Standard State and Local Task Force Agreement exist for the sheriff of Tangipahoa and the DEA or between the State of Louisiana and the DEA in regards to criminal activities or drug related crimes in the State of Louisiana.

In regards to the hand written note, it was not a new request but an old request restated, from Chad Scott, James "Skip" Sewell and or others investigating my case under the Agreement. None of this information has ever been released or discussed for release prior to this court proceding.

The statistical information is still desired in a nut shell as related only to the New Orleand Field Division Task Force under Agreement with Tangipahoa Parish Sheriff J. Edward Layrisson. This information should and does exist because I am still in prison and during time related to this agreement, and so are many other prisoners, either in state or federal prison or on some other type of judicial sanction(s).  These individuals who were arrested rather charged or not, would find these charges fifty years from now on his record if there ever is a reason for the criminal justice system to delve into their back ground. Therefore, this information Anderson has requested has a high probability and possibility of being in existence.

11  SARO received a letter from me inquiring the status of my FOIA,—April, 2004—where I  was informed that the DEA's Statistical Service Section did not collect or compile data on investigations conducted by individual agents,; did not collect or possess data

on jailed inmates by parish; and did not possess information about the decision making process used to refer individuals to federal court under the Tack Force agreement and , therefore, the DEA possessed not information responsive to the requests Plaintiff made in his request.  Though the DEA does not collect to compile such information, the information does exist and can be collected or compiled, since they should possess such data regarding their agents of inmates they have jailed, bet it in the federal or state forum.  And the DEA also should possess the referal information the DEA uses to remove suspects from state possession to federal when no warrant is issued and XXX there has XXX been no determination by the holding agency (state) whether the person should be turned over to another jurisdiction.  And, SARO did not address many of the other statistical FOIA materials sought—Statistics.

12. There may not be a record that I appealed certain requests, even 03-1775-F to OIP.  I was under the assumption that this number related to all the other numbers under Statistical information requested, as the court can very well see, how confusing having so many numbers dealing with the same subject matter, simple from and inquiry into the matters.

13. **Freedom of Information Act Request Number 04-1286-F:** By letter dated May 17, 2004 in reference to Request Number 03-1775-F, Plaintiff indicated that he wanted statistical information regarding the New Orleans DEA.  This request was reinforcing other statistical requests which had been denied by none compliance.  Therefroe to use once portion of that letter to say my application has been complied with is short - sighted and none responsive to

24

information requested via FOIA.

14. May 17, 2004 letter was regraded as a new number. I hope the court take judicial notice of the years these exchanges has taken.

15. June 10, 2004, Plaintiff is trying to get a handle on what is going on with a request that should have taken less than three weeks, or as the statute dictates.

16. June 30, 2004, thereafter, july 7, 2004, I received 11 pages of documents regarding DEA statistics for the New Orleans' Field Devision, which is very helpful, but not the specificities required for the AGREEMENT in question.

17. The document gave statistics for the years 1994-1995 of all the drug, nearly all, related crimes that was handled by the DEA/federal forum. This information shows distinctly that Blacks were being profiled, as well as a specific drug, cocaine/crack, while other, more dangerous drugs went without hardly any attention. Cocaine/crack statistics show that more blacks was arrested and convicted for cocaine/crack than all other suspects for all other drugs combined. Therefore, racial underpending here, for my case can be better shown with the statistics dealing with the Standard State & Local Task Force Agreement. The reason being is that it had specific language in that agreement that made it clear that the sheriff department wanted all cases to go before the "Courts of The State of Louisiana" not the federal courts, but the agenda of the field agents and apparently of the DEA in general was to utilize state law enforcement to bring state citizen into the federal forum rather than the state forum. Usurpation.

Therefore, the information, sent, helps in a major way but does not shed the light directly in the area of specific concern, where proof is certainly obtainable. The information requested, is in the files of the DEA whether those files or FOIA accessible is up to the court to deside. For, to my experience through the wrong end of the justice department, criminal files and statistics regarding criminal, individual or collectively are hardly ever, if ever destroyed.

18. I may not have appealed Request Number 04-1286-F, but I did appeal all requests related to statistical information from the sources having information regarding the 1994-1995 Agreement.

19. June the 14th 2004 is the date of this letter as is clear under the signature.

most of the information requested here has not been forth coming. Specifically the cost of the operation under the Agreement. With out know‍ the cost of this Task Force separate from the operation of the intire DEA Field Division for the whole of their jurisdiction, how can the DEA or the government over them, congress or the people be able to access their worthyness for the time and money spent.

The referral of suspects from State to Federal is a major executive branch decision which more that likely should have the approval of the attorney general. You are dealing with jurisdiction of the State of Louisiana in the instant case, and the Agreement required that such investigated cases be first presented to State Court, which should have eliminated any confusion or doubts as to how the Sheriff of Tangipahoa came to his decision to allow the aid of the DEA in his Parish or working with his deputies.

This and more under "19" was not answered or material released

26

through FOIA. This is especially true as to the monies used doing this time period by the Task Force Division in question. That portion under the Standard State & Local Task Force Agreement.

20. As to the willingness to pay the fees incurred by the FOIA requests should be in the first instants, and not for the failure of the agency to local material that could have been found, copied and released within the time zone not requiring payment of fees. Therefore, I am objecting to any charges in regards this delayed reaction of the DEA's search team.

21. I did send the Forma Pauperis request to this agency, and did not receive a response until months later. And I am willing to pay from my inmate trust fund for cost incurred timely and within reasons if the court so order.

22. Because the Statistical Sevices does not collect or possess data on specific task forces, does not mean the DEA does not have the statistics requested. Local, New Orleans Division, or the National division. The DEA was responsible for the information requested in regards to the DEA and Sheriff of Tangipahoa Parish's Standard State & Local Task Force Agreement. The public has a right to know what they are paying for or what they paid for and did not get, as well as who paid what to whom with public monies.

23. Dec. 1, 2004 letter was not a request for an appeal, it was a request for information as to the address needed for an appeal (rule and regulations regarding such appeals). My grammar might not be straight, but the letter is clear as to what I requested. The Req. No. on this letter was 04-1490 and 04-1491-F.

24. What happen to Req. No. 04-1491-F? while 04-1490-F was assigned App. No. 05-0642.

This is the confusion made by the defendants in given inquiries Request numbers for FOIA.

25. Such a remand by OIP by to the DEA especially when Requester never requested a remand or an appeal at that time, was not more than a waste of tax payers money and man power. This tactic also is trying to cost me 307 dollars, which I don't have to spair, but will send in increments from a percentage of my wages which I have forewarded to this agency requesting the fee.

26. The reason for filing this complaint is because there was a long laps of time where I had not heard from these procedings of appeal number 05-0642 and Req. No. 04-1490-F or any other request or appeal dealing with the statistical information particularly.

27. **OIP Remand of FOIA Request Number 04-1490-F**, though this matter was on remand, I got no information about these facts until after I filed this complaint.

On exhibit #17 two appeal NOs. are written in hand script, 1) 05-0641 & 2) 05-0642, I am guessing that these or the appeal numbers for Re. No. 04-1490-F and 04-1491-F, I did not write these numbers there. I dated this letter Nov. 1, 2004, it is stamped Dec. 20, 2004. Though these numbers are explained, they are confusing to a person not an attorney. Perhaps that is the intention of the agency, is to give many numbers for misdirection and to confuse the requester into giving up. It works. Misdirection. I am confused.

My request probably or broader than a requestion for information, and i apologize for that, but I have no real experience into how to pose the exact question for the exact information. Still, what information requested and was clear, should have been released without occurring so much time and cost.

28. The questions posed to the DEA was questions I had asked was from a lack of knowing exactly what document that should have been in their possession which contained the information I wanted released to me. The agency could have sent a clarification letter asking me to be more specific about my inquiries. The braodness of the request was statistically inclusive. For the question which was not about information was question about nouns which housed or had the information.

29. **Freedom of Inforamtion Act Request Number 04-1491-F:** I requested a narrower statistical released of the area covered by the Standard State & Local Task Force Agreement, which is the information inquested for in the beginning.

30. This was not a new request, this was perhaps an expansion of the old/original request at most, but a request within the confines of the original one. This request should not have been considered a new request.

31. I applied to the DEA field division for the statistical information, and I applied to the state, neither entity appear to have collected or compiled any statistical information regarding their duties under the Agreement between them, even though the Agreement required record keeping by the Task Force operatives. See Agreement.

The DEA must, by the necessity or required by their budget to compile such information to show cause and affect of the money spent and the monies needed for future applications of their responsibilities. Therefore, it is arguable that the information does exist in the files of the DEA, or other governmental official associated with the DEA whereas, such information can be retrieved by the DEA.

32. Letter Dated Dec. 1, 2004 was not a request to appeal, but rather, for information to the appeals process.

33. Appeal was not yet requested.

34. Apparently the letter dated Feb. 2, 2005 was not correct, as I have received information related this number since that time.

35. Feb. 11, 2005 letter to "null and void" an appeal not requested was,

36. ,,denied by letter dated April 18, 2005, and suggested that I file other appeal regarding the same subject matter which the defendants kept adding and assigning new numbers to. I have responded appropriately to insure that this matter is attended to in a judicially.

### SEARCH FOR RECORDS RESONSIVE TO PLAINTIFF'S REQUEST

37. When the DEA's research methods seems sufficient on paper, but, in actuality, the statutory limitations or seldom met in my experiences in dealing with FOIA documents held by their office.  I seems to take filing to the courts after administrative remedies are exhausted in order to get them to turn over simple things, like The Standard State & Local Task Force Agreement, or the staistics now requested,

38. ,, and the process used should be reconsidered  and revamped, for as it stand, it costs the tax paying millions of dollars each physical year and taxes the judicial system as well, not to mention the cost to the requester when the research team does not fine the information in the first instance or when they assign new number to original requests to inquiries.

39. According to the progress sheet sent to me by the DEA

of April 22, 2005, regarding Request Number 05-0729-F, the Pre-Processor Info sheet, that the search was concluded 11/21/03, but started on 9/30/03 and mailed 5/03/05. Date returned, 5-18-05, and there were no information regarding a tasker or taskers going "Out To Field For Information", under SAC Response. See Data sheet,

40. ,,,I had asked for the Agreement many years earlier than Nov. 25, 2003, and during the adjudication of the complaint then filed in the District of Columbia Court, this Agreement was sent to me. Anderson v. United States or America, Civ. Act. No. 98-369 (D.D.C. 1997/8). The Agreement sent to me on Nov. 25, 2003 was do to my request for any other Agreements similar to the AGREEMENT in this case for any other years other than the ones in question.

The accountability for the task forces expenditures can not be determine without a compilation of the statistics requested by me. Each agents has a record of his arrests of suspects, how much money was spent on these arrests and investigations. They would also have criminal records of each individual charged or and convicted from their investigation and arrests. It is inconceivable that a task force operates without accountability for al their on the job actions, resorts and failures. And such records or seldom destroyed. What or these guys hiding? I know, but I can not prove it at this time, but shell. I am determine not to be a criminal incarcerated by criminals that have not ever been declared so.

41. I do not doubt that these agencies at this time does not have records responsive to my request. Not because they does not exist, but because they have been made to disappear from their offices. Still, I refuse to believe that these agencies

do not have the requested records or access to them for FOIA purposes.

For instants, Chad Scotts' work records, hours spent on investigations under the Agreement, arrests made, places he filed charges, amount of money spent in regards to his investigations, whether or not the people he investigated was arrested, the numbers of these arrests, the racial etc., etc., makeup of the suspects. The same requests were made for all the agents under the Agreement, as well as James "Skip" Sewell. Though I asked for statistics, I also asked for the numbers as well. The request is extensive, but, withing reason for assessable material.

If reasons again came for the DEA to investigate me, I would be willing to guarantee that they be able to pull my whole criminal history up and tell me the type of drugs have have ever been investigated for, charged with, arrested for, convicted of as well as the type, strength, weight, purity and color of the drugs. Also, how much time I got, can get and did for the crimes or potential crimes. But, they do not record their own agents methods of getting this type of information.

The Task Forces are made up of individuals, each individual has a record of his actions as related to his employment, DEA or DEA Field Division Task Force member. Each of these agents, but policy if not by law, must file a progress report or a report regarding his daily activities while in the field. If an investigation or an arrest insues, then such information is recorded for future use by the agency and other law enforcement agencies or governmental bodies. Such information is never destroyed, except upon expungement of such records, and even then it is doubtful that they will not be retrievable at a later date.

Even so, the statistical requests made is the one I am wanting
filled along with the numbers and other information requested
there in.

My request was for the facts of the task force in question,
what they did, how it's done, & what did it cost the public among
many other things which would shed light on the viability of a
task force who's total activities seems to be in the Black Neighbor
Hood, or profiling both blacks and cocaine "crack" rather than
investigating equally all drugs. **The DEA's statistics show that
more Blacks was arrested and convicted for cocaine than any other
race of people for all other drugs by their organization in the
years 1994 through 1995.** I was arrested within this time frame.
This was true, and still is true, even when the federal bio-hazard
team, DEA, comes in and clean up the toxic chemicals created by
Home Made Meth labs. Yet these suspects seldom seen the inside
of a federal court room, who were arrested for the Meth charges.
Methamphetamine.

Hopefully, the court will see that there are information
held by the DEA or information that should still exist which is
FOIA retrievable and should have been released.

42. **FOIA Request Number 04-1284-F,** performance rating is
a federal government's method of tacking their employees out put
and pay scales, the Field Division had statistics related to the
whole division, but how did they get this data except from each
individual Task Force and then compile them into a whole. Personally,
I can not see how it can be done without individualization taking
affect first, as it relates to each person responsible for the
data, and each unit that individual accumulated the data under.
Otherwise the written word is law without substance or verification.

33

43. **FOIA Request Number 04-1490-F,** this work is double measures
of other requests as a/n inquiry(s) not heeded.  The efforts, as
described here in the declaratory, are extensive and time consuming
at the least, therefore, that is why each inquiry that comes into
the FOIA's office should not be given a new FOIA Request Number
and placed on a waiting list.  It should be noted in the first
reading/instant what it is and sent to the appropriate person
handling that request number.  For in some cases, by the time
the inquiry reaches the research team under a different number
in is researched a second or third time. In any event, it does
not shorten the time for the original request.  And, in the instant
case, the material requested still did not come into being until
an appeal or court proceeding had begun. Since Nov. 1, 2004 SARO
sent taskers to the Office of Operation Management, the Statistical
Service Section and Special Agent in Charge, New Orleans Field
Division. Some information was sent to Requester after the remand
and also after this court received this case. Other material remains.

44. On remand the OPI attorney had determine that there was
possibly information which could have been released to Requester,
but was not for what ever reason.  Here, the information sort
was not made available.

**Information regarding costs attributable to the operation of the
task force:** It was determine by the Declarer after January 13,
and 20, 2006, that the records regarding the expenditures made
for task force operation <u>would</u> have been destroyed.  Not that
they <u>had</u> been destroyed, nor that they have been destroyed.  If
they have not been destroyed, they are still accessible and if
they have been destroyed, there should be a record of when it was
destroyed, what was destroyed, and so on.  But, according to general
practice, financial records or hardly ever destroyed.

Though the DEA stated that "expenditures made for task force
operations are not broken down by specific task force, either
at the headquarters or field division level; that is, a single
expenditure may cover multiple task forces operated by a single
field division." ????????? No accountability for the individual
Task Forces????  That do not happen in our federal system.  Everything
is mandatorially accounted for.  Therefore, this should be rejected.

**34**

This should be rejected, especially if it is true, that the records have been destroyed for the task forces financial expenditures. (It is no wonder that the drug war has been so long and expensive with no end in sight). It should have been readily released where such information could be located if the DEA did not retain it any longer. And I hope the court will order it so.

**Information regarding the actions of agents regarding arrests, charges:** Chad Scott worked for the Sheriff Department and was the leading investigator in my arrest. Scott was also the officer which removed me from the jurisdiction of the state to the federal jurisdiction without prior approval by either federal or local government. Chad Scott is now or was a federal officer, rewarded for his conspitorial acts in relation to the AGREEMENT's violation. The Sheriff of Tangipahoa is the signer of 1994-95 Agreement, and therefore the DEA should have had the names of these two people and how they could be contacted for information related to FOIA, in the course of the Agreement, documents. I have been requesting information about these individual since 1997 as diligently as possible and in what ever way that was made clear to me to do so most of which has been through the DEA for FOIA material. Therefore, to destroy such information is an act of bad faith.

**Information regarding the equipment, monies or other materials furnished by or for the task force:** January 13 and 20, 2006 the Declarers attempt to gain information that should have been available for FOIA release should have made an attempt to discover when such documents was destroyed and by whoms orders was the information destroyed. There are over 2000 people convicted over the course of the two years 1994-1995 that the Agreement was in operation, and a lot of these inmates or still doing time. Any records related to these inmates should never be destroyed, especially when any one of them or still fighting their case. The court should order the defendants to recreate the information said destroyed by what ever computerized systems they have with the individual inmate or suspects investigated criminal records and the agents hand notes and the departments financial records. Or, order the release of who may have the information requested if the DEA has destroyed that which they had in their files, which is doubtful, unless done after the requests.

35

The work record of each agent, funds spent on each investigation, "the suspect's" race, color, and whether "suspects" was charged in federal or state courts:  Well, at least it appears that the agents work hours for state and local federal funded programs task force officers or now compiled.  I would hope that that is the case. Which should have been all along, other wise how or they payed for over time, which, record keeping for over time pay was required by the Agreement among other record keeping requirements, which apparently went undone as well.

I hope the court will order something substantial done regarding the defendants intentional destruction of governmental records, for if the records was not destroyed then someone did not do their duties in this regard and criminal charges or at the least a criminal investigation should commence.

**Address for George Cazena[v]ette "along with Sheriff J. Edward Layrisson."** These individuals signed the Agreement Therefore, since the Agreement was not followed according to the Agreement itself, the signers of the agreement are the only source of information to explain why or what their thoughts were when they signed the Agreement.  Their understanding of the Agreement and all that is said in the Agreement is important to me and the public, since they were operating at public expense and upon public trust to do the right thing.  Therefore, their addresses or a method of contacting them about the agreement is essential. I do not personally require their address, but rely on the FOIA section to obtain the information requested from them personally as they were government agents in the since of the Agreement, since under the agreement I was routed into federal court.  Chad Scott removed me into federal

court under the color of federal law that he thought the Agreement
(evidently thought) gave him the authority to do so.  **It Did Not.**
Chad Scott was not a federal agent in the true since of the word
but only as far as the Agreement permitted, and the Agreement
did not permit his actions as it regards removal from jurisdiction
to jurisdiction to jurisdiction.  Therefore, only the signers
or the Agreement can verify why this happen and under whoms authority.

**Fifteen categories of statistics "from this multi-divisional task
force...for th term of the agreement," regarding individuals arrested
for controlled substances.**  Statistics may not have been compiled
but they could have been for the release of the information requested.
The information is in the DEA's files.  Each person investigated,
charged, tried, and convicted, as well as the amount of time each
individual received is in the records of the DEA.  If this is
not true, then how can we, as the public, know what is the worth
of the Task Forces, individually or collectively.  Also, when
the DEA needs funds of these operations, they must be able to
point to the resorts of the individual task forces (or should)
to allocate funds in that area, for some areas will require more
funds than others, but with no one being accountable for the funds
for individual task forces, who to say that that task force even
exist or did any operations for the money spent.  An investigation
should be in order in this matter.

**Whether the State Attorney General or the United States Attorney
general approved or was aparty to the ["]approval" of the Task
Force Agreement.**  I had received documents relating to the creation
of the Tangipahoa Parish task Force after the suit was filed in
federal court.  In cases where the jurisdiction of a party must

37

considered, the attorney general must be notified and given his
approval for such determinations, as well as the suspect in the
case has a right to challenge their transfer from one jurisdiction
to the next, be it from federal to state, state to federal or
state to state.  These factors involve the Governors, Attorney
Generals of both jurisdictions as well as the judicial systems
of the state holding the suspect or fugitive, and not doubt the
receiving courts as well.  Therefore, the DEA should have information
as to who ordered me removed from state custody on a fugitive
warrant in the federal forum.  A fugitive warrant has never been
discovered or released to requester by the DEA.  **United States
Criminal Extradition Act, 66 L Ed 2d 641, 449 US 433, 101 S Ct
(1981) 703, Adams v Cuyler, 592 F 2d 720 (1979).**  Therefore, there
should have been a record regarding their actions in the transfer
from one jurisdiction to the next without my consent or an opportunity
for a lawyer or to protest such a transfer.

**Any information that may cause understanding of the Standard State
& Local task Force agreement and how it operates."** The eleven
pages sent to me in regards to this section was responsive to
my request, and such documentation is very much appreciated. It
helps to explain the system but does not explain the use of the
policies when the Agreement is made up like the parties signing
them wish it to be, and then not follow the reapplicated document
except when it suits the field agents.  An Agreement on sharing
powers between two soverign bodies should be followed to the letter
of the contract or agreement, as such actions of sovereign bodies
affect the people they represent.

All related material should be released, including the eleven

pages without redactions and the two pages withheld. Therefore
I am hopeful that the court will order their release in whole.

### FOIA Request Number 04-1491-F

45. This request number and 04-1490-F are virtually the same.
One is an inquiry of the other.

### EXPLANATION OF RELEASE OF RESPONSIVE RECORDS

46. I did not know to challenge the material sent to me after
this suit had begun was proper, I thought the challenge would
be in these responses to defendants present and future filings.
Otherwise, I would have challenged the two pages withheld and
the redactions which served no purpose other than to prevent the
requester from fully understanding the documents to their full
expressions intended.

47. I can appreciate the job done by the taskers and those
whom directed them, still information which should have been made
available was not, be it from the FOIA not being able to obtain
the documents from the DEA or because such document now does not
exist. There seem to have been a duty to find out why such doucment
does not exist, what happen to them and what information do the
DEA have to verify their destruction, date and person responsible,
be it legally time destroyed or other wise. And such information
delivered to the court and Plaintiff.

### FOIA EXEMPTIONS ASSERTED
### FOIA REQUEST NUMBER 04-1490-F

48. The two pages which contained the descriptions of the
limitations on task force officers' actions, sound pretty much
like a subject matter the the public has a right to know, and

I would very much appreciate such information which would shed light on the limitations of the field agents/task force actions. Also, to know whether certain officers completed the requirements for deputization is also a public interests. Far to many times people or placed in positions of trust by other well/ilwill meaning people without going through the proper channels. Details about how to complete appropriate forms, may not be something that I am interested in, but I will never know unless I am provided with them, it is of public interest.

49. "Title 5, United States Code, Section 552(b)(2), (Exemption (b)(2). exempts from disclosure "related solely to the internal personnel rules and practices of an agency." This exemption protects internal documents that contain relatively trivial administrative information that is not in the public interest." This is ordinarially true, but should not be upheld when such documents withheld may shed light on why certain officers under such rules and regulations do not follow them, therefore it much be some catch all phase within the bureaus policy which allowed them to act that way, and I hope the court will be an avenue to get to the bottom of the disfunctions.

50. My FOIA Request is about guidelines for law enforcement operations as they apply to my case are the material searched herein for, which would show us how the field agents was allowed to violate an Agreement that would, if followed, would allow the process of drug cases in state courts rather than federal court. This policy was followed as to white suspects, but not followed as to others. If releasing such material would change the the DEA's ability to ferret out criminals activities as it has been doing

**40**

that would be good thing.  Especially when you see the statistics
and how uneven the policies of the DEA has related to equity in
criminal affairs.  The Statistics are opposite of what they should
be <u>Black v. White</u>.  These statistics comes from the DEA in Louisiana,
but the over all picture's are national.  Only the Southern End
of the United States appear to be way out of line with the rest
of the nation. **Ex. #5.**

51. I would hope that the court will view this information
and see if it can not be released.

52. Whether Mr. Cazenavette is retired or not, has not bearing
on the information related to him when he was an active member
of the DEA in New Orleans.  The information being requested from
him is in relation to his employment as a special agent for the
DEA.  My request to Mr. Cazenavette was written and responded
to before he retired, See Response letter dated April 3, 2003
by Mr. John F. Clark IV.  It is not coincidental that Mr. Cazenavette
is said to have retired 30 days later, May 2, 2003.

Whether my request to him had anything to do with his retirement
I can not know without information from him or an investigation
of teh matter by th Justice Department or a special prosecutor.
A Special Prosecutor would no doubt be more sufficient and favorable.

There is not any third party as to neither of the parties
whose addresses was requested, or a method of communicating FOIA
material while they were public servants.  The information requested
from them are DEA business and FOIA accessible.  Also, the information
is in regards to a federal document signed by them.  Since that
agreement affected me personally under there instructions or introduction
It is fitting that they be held accountable for information here.

53. Even though the address of these individuals or not needed by me personally, the information they contain are. The Declarer states that the material is releasable by consent or death. Well, I do not want to wait until they'r dead, and his consent can not a be obtained accept by someone other than myself and I have not way of communicating with them otherwise. Still, the information requested from them have no privacy issues to be concerned with as it is government business and FOIA accessible. And the understanding of the parties whom signed the Agreement is of public interests.

54. The addresses of the parties herein requested is needed only because my communications to these individuals about government business in relation to FOIA material was not passed on to them for a response as required by their previous posts in state and federal governments. Revenge or retribution are not factors to be considered here, as it is not a part of my nature, and too, these individuals did not, themselves, violate the Agreement, and I do not think was a party to the actual violation. The information from them is needed to verify that fact for future litigation.

## IN CONCLUSION

55. Most of the Request numbers cited by the defendants are about the same subject matter and relates to the original requests and inquiries regarding those requests and should be held as parts and partial to this appeal and suit in the District court. By the declaration of Adele H. Odegard, a lot was left to be desired by the DEA FOIA department, and some of that information was still not released even after a thorough investigation by herself. Even though I think she could have done a little more, her attentions to details and her affords must be appreciated.

42

Though there was no documents said responsive to Request Number 04-1491-F as it related to Request Number 04-1490-F as an inquiry, document was latter released. My requests here did not ask for another copy of the Agreement, but for any other agreements and there was said to be none. Ex # 7.

An investigation may still fine the Statistical Information regarding the Task Force in question, if not, the information should be ordered presented to the court or a trial had to determine why such information was not compiled in the first instants and why it would be destroyed while litigations was going on regarding the parties the information concerned. I had filed suit against the field agents in state court, 21st Judicial District in the State of Louisiana, Anderson v. the United States (DEA), as well as in the District of Washington D.C. Therefore the limitation for destruction of property of the federal government should have started after these cases was dismissed. Even then the fact that I have been continuously questioning this DEA devision should have been enough to keep the material alive rather than destroy the material as if to cover up documents that could be used against them.

If nothing else, I would hope this court will order the dates the material was destroyed and a response from sheriff Layrisson and Special Agent Cazenavette as to what there understanding was of where the evidence collected by the task forces and the suspects investigated would be presented, state or federal court under the Agreement they signed.

Respectfully, Submitted

Tommie Anderson

43