UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMMIE ANDERSON, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF JUSTICE, )<br>Drug Enforcement Administration, )<br>)<br>Defendant ) | Case No. 05-2294 (PLF) |

### DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration ("DEA") Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section ("CCA"), DEA Headquarters, Washington, D.C. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, DEA Headquarters.

2. I review for litigation purposes both the initially processed and appealed Freedom of Information Act ("FOIA") and Privacy Act ("PA") requests received by DEA. I have performed these duties at DEA since 1991.

1

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action, and the records maintained by the DEA Freedom of Information Operations Unit ("SARO").

5. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

6. The purpose of this declaration is to respond to plaintiff's Motion for Dismissal of Motion of Summary Judgment; the Memorandum of Points and Authorities Against Defendant's Motion for Summary Judgment; a Response to Abele (sic) H. Odegard's Declaration and Objections There to (sic); and an Affirmance (sic) and Objections to Declaraion of Adele H. Oregard (sic) filed by the plaintiff on July 3, 2006. This declaration supplements the Declaration of Adele H. Odegard (Odegard Declaration) dated April 13, 2006.

7. The plaintiff states, on page 8, paragraph 5, of plaintiff's Response to the Odegard Declaration, that he has not yet received information he has requested regarding statistics concentrated on a particular Task Force. Page 16, paragraph 40, of the Odegard Declaration states that DEA's Statistical Services Section [a component of DEA's Office of Operations

-2-

Management] does not collect or compile statistics based on the parameters the plaintiff requested (broken down by task force.) It is also stated that DEA's New Orleans field division does not maintain the type of statistical information sought by the plaintiff. Thus, DEA has established that it does not maintain the requested information.

8. The plaintiff alleges, on pages 9 and 12 of plaintiff's Response to the Odegard Declaration, in paragraphs 6 and 14 respectively, that DEA is required by the FOIA to retrieve information it does not possess. The FOIA does not require government entities to retrieve such information.

9. The plaintiff states on page 15, paragraph 23, of plaintiff's Response to the Odegard Declaration, that he previously requested, by letter dated December 1, 2004, DEA's rules and regulations for FOIA appeals. The plaintiff was previously informed by DEA, by letter dated June 30, 2004, of FOIA appeals policy. A copy of the DEA letter dated June 30, 2004, is attached as Exhibit A. Freedom of Information appeals rules are found in 28 C.F.R. 16.9. DEA has no specific appeals rules and regulations.

10. The plaintiff states on page 15, paragraph 24, of plaintiff's Response to the Odegard Declaration, that SARO assigned him a number for his appeal of his FOIA request 04-1491-F. The appeal number was assigned to the plaintiff by the Department of Justice, Office of Information and Privacy (OIP) by letter dated December 28, 2004. See Odegard Declaration, Exhibit 33.

11. The plaintiff refers, on page 19, paragraph 3, of plaintiff's Response to the Odegard Declaration, to his request for information regarding field agents handwritten notes, other papers, recordations (sic), etc. By undated letter, in response to DEA's letter dated November 25, 2003, the plaintiff requested "handwritten notes, reports, tape conversations, videos, seized property, and any other materials in the possession of Chad Scott."[1] See Odegard Declaration, Exhibit 5. On page 23, paragraph 10, of plaintiff's Objections to the Odegard Declaration, he again refers to his requests for handwritten notes of Special Agent Chad Scott and Special Agent James "Skip" Sewell, DEA agents who participated in the investigation of the plaintiff. In July, 2006, I contacted Special Agents Scott and Sewell, who each informed me that they have no handwritten notes from the plaintiff's DEA investigation. In August, 2006, I again contacted Special Agents Scott and Sewell, who each informed me that they have no handwritten notes, reports or any other materials from the plaintiff's DEA investigation.

12. Regarding the plaintiff's request for "tape conversations" and "videos", I reviewed the plaintiff's DEA investigative file, GH-95-0020. I located a DEA 6, Report of Investigation (ROI), dated March 19, 2002, containing the Case Closing Report of the plaintiff's DEA investigation. The ROI states that the non-drug related evidence in the case has been destroyed. Since all non-drug evidence in the case has been destroyed, therefore; any tapes or transcripts were destroyed. A copy of the DEA 6 dated March 19, 2002, is attached as Exhibit B. Portions of the document are withheld pursuant to FOIA exemptions (b)(2), (b)(7)(C), and (b)(7)(F).

---

[1] As stated in the Odegard Declaration, footnote 6, Chad Scott was a member of the Task Force and a lead agent in the investigation which led to the arrest and conviction of the plaintiff.

-4-

13. On page 19, paragraph 4, of plaintiff's Objections to the Odegard Declaration, the plaintiff states that a Vaughn itemization would be helpful. A Vaughn itemization of DEA's withholdings pursuant to the plaintiff's FOIA requests under consideration is this litigation has been prepared and it is attached as Exhibit C.

14. In response to the plaintiff's query on page 27, paragraph 24, of plaintiff's Objections to the Odegard Declaration, regarding the assigning of the appeal for request 04-1491-F, by letter dated December 28, 2004, OIP assigned appeal number 05-0641. See Odegard Declaration, Exhibit 23.

15. On page 30, paragraph 34, of plaintiff's Objections to the Odegard Declaration, plaintiff asserts that the letter dated February 2, 2005, by OIP[2], which affirms DEA's response that it had no records responsive to his request number 04-1491-F, is incorrect. The plaintiff indicated that the letter was incorrect because he had subsequently received information pursuant to that request. The letter is not incorrect. Subsequent to the receipt of the complaint, DEA conducted a further search and located documents responsive to a portion of the plaintiff's request and released portions of 17 pages to him by letter dated March 20, 2006. See Odegard Declaration, Exhibit 30.

---

[2] See Odegard Declaration, Exhibit 24.

I declare under the penalty of perjury that the foregoing is true and correct.

__8-10-06__
Date

*Leila I. Wassom* (signature)
Leila I. Wassom
Paralegal Specialist
Office of Chief Counsel
Drug Enforcement Administration
Washington, D.C. 20537